DAVID R. ZARO (BAR NO. 124334)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com

Attorneys for Proposed Receiver
THOMAS SEAMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL CAPITAL HOLDINGS, INC.; MEDICAL CAPITAL CORPORATION; MEDICAL PROVIDER FUNDING CORPORATION VI; SIDNEY M. FIELD; AND JOSEPH J. LAMPARIELLO,<br><br>Defendants. | Case No. SACC09-818 DOC (RNBx)<br><br>DECLARATION OF DAVID R. ZARO IN RESPONSE TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>Complaint Filed: July 16, 2009 |

### DECLARATION OF DAVID R. ZARO

I, David R. Zaro, declare as follows:

1. I am a partner at the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, in Los Angeles, California. I am counsel for Thomas Seaman who was appointed Receiver pursuant to the Temporary Restraining Order entered on July 20, 2009 ("Receiver"). I have personal knowledge of the facts stated in this Declaration which I could and would testify to if called upon to do so.

2. On July 21, 2009, I met Mr. Thomas Fazio at the offices of Medical Capital Holdings, Inc., in Tustin, California. I met Mr. Fazio at approximately

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

834007.01/LA

DECL OF DAVID R. ZARO IN RESPONSE TO
EX PARTE APPLICATION FOR TRO

-1-

1  11 a.m. on July 21, 2009, at which point I was advising him that the Receiver had
2  just been notified that the United States District Court had vacated the Order
3  appointing the Receiver. After informing Mr. Fazio and the employees that the
4  Receiver's work was concluded, I left the building.

5      3.    As I was standing in the parking lot, Mr. Fazio approached and
6  requested that Medical Capital Holdings, Inc., be permitted to retain the LECG's
7  hard drives which contained information imaged from the company. Since the hard
8  drive equipment was owned by LECG, we compromised and agreed the LECG
9  would hold the hard drives containing the information and not share the information
10 contained on the hard drives, subject to further order of the Court or agreement of
11 the parties. LECG has not shared any of the information with the Receiver or me.

12     4.    A few moments later, Mr. Fazio returned to ask me if the Receiver
13 would agree to not share documents that the Receiver removed from the offices of
14 the companies (which documents consisted of the few documents possessed by the
15 Receiver's team members which were primarily used to identify and interview
16 employees). Again, I agreed to not turn over the documents to third parties.

17     5.    There was no request by Mr. Fazio that the Receiver not disclose to the
18 Court or the parties any information learned by the Receiver in reviewing
19 documents and interviewing individuals at the company. That is, the Receiver's
20 team members, including me, interviewed various people at the company in which
21 we learned information about the company. Mr. Fazio and I did not discuss these
22 interviews nor did we discuss the information that we had obtained. At no time did
23 the Receiver or I agree that we would not discuss or share information that we had
24 learned at the company during the Receiver's tenure. I can think of no basis for us
25 to agree to hold such information confidential. We were performing our duties as a
26 Court-appointed Receiver from approximately 5 p.m. on July 20 to 11 a.m. on
27 July 21.
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

834007.01/LA

DECL OF DAVID R. ZARO IN RESPONSE TO
EX PARTE APPLICATION FOR TRO

-2-

6. I have reviewed Mr. Fazio's July 21 email. As discussed above, the email does not accurately describe the agreement reached, which was limited to information contained on LECG hard drives and documents removed from the offices of the companies. I did not ignore the email, but did not have time to respond before the Receiver's declaration was filed later the same afternoon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2009, at Los Angeles, California.

_____
David R. Zaro

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

DECL OF DAVID R. ZARO IN RESPONSE TO
EX PARTE APPLICATION FOR TRO