JOHN B. BULGOZDY, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
NICHOLAS S. CHUNG, Cal. Bar No. 192784
Email: chungni@sec.gov
MORGAN B. WARD DORAN, Cal. Bar No. 246107
Email: warddoranm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:  (323) 965-3998
Facsimile:  (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL CAPITAL HOLDINGS, INC.; MEDICAL CAPITAL CORPORATION; MEDICAL PROVIDER FUNDING CORPORATION VI; SIDNEY M. FIELD; and JOSEPH J. LAMPARIELLO,<br><br>Defendants. | Case No. 09-CV-818 DOC (RNBx)<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION AND APPOINTMENT OF PERMANENT RECEIVER**<br><br>Date:     August 17, 2009<br>Time:     8:30 a.m.<br>Place:    Courtroom 9D<br>          (Hon. David O. Carter) |

## I. INTRODUCTION

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this reply in support of its application for a preliminary injunction and appointment of a permanent receiver, pursuant to the Court's August 3, 2009 Temporary Restraining Order and related orders ("TRO"). Defendants offered no new evidence and have failed to show good cause why a preliminary injunction should not issue or a permanent receiver be appointed. Wells Fargo Bank ("WFB"), as Trustee for two entities, filed a limited opposition to the scope of the receivership, which lacks merit and should be rejected. Accordingly, the Commission requests that the Court issue the requested preliminary injunction and appoint Thomas A. Seaman as Permanent Receiver over defendants Medical Capital Holdings, Inc. ("MCHI"), Medical Capital Corporation ("MCC"), Medical Provider Funding Corporation VI ("MP VI"), and their subsidiaries and affiliates.

### A. Defendants Failed to Show Cause Why The Court Should Not Enter a Preliminary Injunction and Appoint a Permanent Receiver

Defendants Sidney Field ("Field") and Joseph Lampariello ("Lampariello") have simply referred to filings that Defendants made in opposition to the Commission's application for a temporary restraining order, and offer no new evidence. The Court addressed and rejected Defendants' arguments in its August 3, 2009 Minute Order ("Minute Order").

In addition, information in the 10 Day Report and Accounting of Receiver Thomas A. Seaman ("Report") (Docket No. 35) apparently contradicts some of the claims made by Defendants to the Court. For example, Defendants claimed that MP VI only invested in "core" medical receivables, as opposed to "non-core" loans and other investments; however, the Temporary Receiver found evidence that Defendants mischaracterized "non-core" assets in Collateral Reports for MP VI. (*See* Report at p. 28.) In his July 20, 2009 declaration, Lampariello stated that MP VI "has only invested in receivable assets." (7/20/2009 Declaration of Joseph J.

1

1  Lampariello at ¶ 6 (Docket No. 7).)  In his July 22, 2009 declaration, Lampariello
2  reiterated that claim:  "Once again, there are no non-receivable assets in MPFC VI."
3  (7/22/2009 Supplemental Declaration of Joseph J. Lampariello at ¶ 4 (Docket No.
4  14).)  However, the Temporary Receiver reports that Defendants listed assets as
5  medical receivables on MP VI Collateral Reports that do not appear to be medical
6  receivables, including a $15.8 million loan to a company named Trace Life Sciences
7  and $17.2 million owed by "spam e-mail" provided "EMARK."  (Report at p. 28.)
8  It appears that Defendants' claim that MP VI invested only in "core" medical
9  receivables lacks substance.
10     Similarly, the Temporary Receiver discovered information that contradicts
11 Defendants' explanation that "rolling" assets from earlier offerings to later offerings
12 "benefit the investors in both the selling and buying SPVs."  (July 22, 2009
13 Supplemental Declaration of Joseph J. Lampariello at ¶ 9.)  Lampariello stated that
14 Defendants only transferred "properly performing receivables."  (Id. ¶¶ 10-11.)
15 However, the Temporary Receiver found: (1) Defendants rolled aged receivables to
16 later offerings and improperly included these receivables in Net Collateral Coverage
17 Ratio ("NCCR") calculations; (2) Defendants rolled receivables to later offerings
18 that did not exist; and (3) Defendants overstated the values of these receivables on
19 NCCR reports used to justify administrative fees.  (*See* Report at pp. 22-25.)  The
20 Temporary Receiver provides information about receivables from Advanced
21 Radiology which were sold in February – April 2004 to MP I for $14.9 million, sold
22 by MP I to MP IV in July 2007 for $18.5 million, and resold from MP IV to MP VI
23 in October 2008 for $20.5 million, while no payments had apparently been collected
24 on these receivables since 2004.  (*Id*. at p. 23.)  It is difficult to fathom how this
25 series of transactions benefitted investors in MP VI.
26 ///
27 ///
28 ///

2

Defendants' attempt to defend administrative fees of approximately $25 million from MP VI is undermined by the Temporary Receiver's discovery that Defendants apparently overvalued assets in their NCCR reports to the Trustee of MP VI. (*See* Report at pp. 20-29.) The Temporary Receiver found that Defendants had paid themselves over $324 million in administrative fees from the six SPCs – MP I through MP VI (*id*. at p. 8), which may also have been based on overvalued assets and improper NCCR calculations. Defendants currently owe investors in MP I through MP VI over $1 billion in principal. (*Id*. at pp. 10-12.)

The Court correctly concluded that Defendants' arguments were unavailing in opposition to the Commission's request for emergency relief, and the additional information provided by the Temporary Receiver is further evidence that the Court should enter a preliminary injunction and appoint Mr. Seaman as permanent receiver over the entity defendants, as well as their subsidiaries and affiliates.

**B.  The Court Should Reject the Request of Wells Fargo Bank to Exclude MP III and MP V From the Receivership**

Wells Fargo Bank, National Association ("WFB"), as Trustee for MP III and MP V, opposes appointment of a Permanent Receiver over MP III and MP V on the grounds that WFB as Trustee has protected, and will continue to protect, the innocent note holders in those offerings. As proof of its dogged protection of investors, WFB points to a Forbearance Agreement entered into with MP III in April 2009, under which the Trustee agreed not to take action to enforce the rights of MP III note holders, but preserved its ability to recover fees and expenses. WFB asks that the receiver be ordered to collect over $500 million for MP III and V and forward all funds to WFB. While WFB would continue to collect its fees and expenses as Trustee for MP III and MP V, WFB wants the receiver to be denied any compensation. WFB provides no authority for such a novel arrangement, and its self-serving proposal should be rejected. Indeed, note holders should not be required to foot the bill for WFB's self-serving attempt to safeguard

3

1  its fees.  To the extent any clarification of the scope of the receivership is needed,
2  the Court may wish to clarify the permanent receiver's appointment to explicitly
3  include MP I through MP V.
4      WFB incorrectly argues that the Commission did not seek a receiver over
5  MPF III or MPF V, or a freeze of their assets.  In fact, as the Court recognized in
6  its August 3, 2009 Minute Order ("Minute Order") (Docket No. 21), the
7  Commission requested "appointment of Thomas A. Seaman as receiver over
8  Defendants MCHI, MCC, and MP VI, and their subsidiaries and affiliates. . . ."
9  (Minute Order at page 3 of 6.)  Similarly, in its TRO application, the Commission
10 requested an asset freeze over assets held "in the name of, for the benefit of, or
11 over which account authority is held by MCHI, MCC, and MP VI, or any entity
12 affiliated with any of them."  (*See* TRO ¶ VI at 5:2-4.)  Thus, WFB's argument is
13 predicated upon a fundamental misunderstanding of the relief sought by the
14 Commission and granted by the Court.
15     WFB's position regarding the entities that should be included in the
16 receivership is inconsistent.  WFB states that one subsidiary of MCHI, MTS,
17 should be included in the receivership, but that two other subsidiaries, MPF III and
18 MPF V, should be excluded.  WFB offers no legal rationale for such
19 gerrymandering.  While WFB argues that MP III and MP V were not accused of
20 wrongdoing in the Complaint, MTS is not mentioned in the Complaint.  However,
21 MTS, MP III, and MP V are all under the common control of defendants MCHI
22 and MCC, and as such, are properly included in the receivership.  *See SEC v.*
23 *Elmas Trading Corp.*, 620 F. Supp. 231, 233 (D. Nev. 1985), *aff'd*, 805 F.2d 1039
24 (9th Cir. 1986) (no dispute that affiliates and subsidiaries of defendants are
25 included in receivership).
26 ///
27 ///
28 ///

1    WFB's request is a thinly-veiled attempt to maintain control of a source of
2  funds to pay its fees and expenses, as Trustee of MP III and MP V.  Indeed, if
3  WFB transfers the approximately $1.8 million currently in the MP III and MP V
4  trust accounts to the receiver, WFB's source of payment for fees and expenses will
5  dry up.  The Court may appropriately order such a transfer ancillary to
6  appointment of a permanent receiver, if only to prevent innocent note holders from
7  being stuck with the bill for WFB's opposition to the appointment of a permanent
8  receiver.  Moreover, in its effort to deny the receiver compensation, WFB ignored
9  the Ninth Circuit precedent which rejected the argument that a receiver may be
10  held to recover the assets of a receivership entity without pay.  *See In re San*
11  *Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1408-10 (9th Cir. 1992) (rejecting
12  claim that receiver should not be paid expenses for administration of receivership
13  property).  This Court should reject WFB's self-serving attempt to reshape the
14  scope of the receivership solely for its benefit.

15    The Court's equitable powers to appoint a receiver are much broader than
16  WFB acknowledges.  As the Ninth Circuit has recognized:

> The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws.  Rather, the authority derives from the inherent power of a court of equity to fashion effective relief.

*SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) (citations omitted).  In granting injunctive relief and appointing a receiver, "[a] district court has broad powers and wide discretion to frame the scope of appropriate equitable relief." *SEC v. United Fin. Group, Inc.*, 474 F.2d 354, 358-9 (9th Cir. 1973).  Indeed, contrary to the limited scope of receivership powers advanced by WFB, the Ninth Circuit has broadly construed the district court powers to include the property of a

5

*non-party* limited partnership in an SEC receivership, as opposed to actual subsidiaries of a defendant. *In re San Vicente*, 962 F.2d at 1408. In determining whether a receivership should extend to non-party entities, "fraud or other wrongful purpose need not be proven." *Elmas Trading Corp.*, 620 F. Supp. at 233. Here, MP III and MP V are subsidiaries of MCHI, so their inclusion in the receivership is well within the Court's discretion. *See, e.g., Id.* at 235-240.

Indeed, the comingling of assets between the entities reported by the Temporary Receiver shows that MP III and MP V are properly included in the receivership. (*See* Report at pp. 22-25.) The Temporary Receiver reports that MP VI vastly overpaid both MP III (*e.g.*, Monsour Medical) and MP V (*e.g.*, NLV, Inc.) for aged and stale accounts receivable. WFB's proposal to split the receivership would create unnecessary barriers to the Receiver's efforts to recover and distribute assets to all investors. As the Ninth Circuit has stated, "the court, with the help of the receiver, must determine how to distribute the assets equitably," which "is one of the central purposes of the receivership and, correspondingly, of the SEC's litigation." *SEC v. Capital Consultants, LLC*, 453 F.3d 1166, 1172 (9th Cir. 2006).

Thus, the Court should reject WFB's request to carve MP III and MP V from the receivership estate. Although the appointment of the Temporary Receiver clearly included subsidiaries and affiliates of defendants MCHI, MCC, and MP VI, so that clarification should not be necessary, the Court may appropriately make explicit, in the appointment of a Permanent Receiver, that the scope of the receivership extends to and includes MP I through MP VI.

## II. CONCLUSION

Defendants Field and Lampariello have failed to show good cause why the preliminary injunction should not be issued and a permanent receiver appointed. WFB, as Trustee for MP III and MP V, has failed to show cause why the scope of the permanent receivership should be limited. Accordingly, the Court should grant

6

the Commission's request for a preliminary injunction, a continuation of the asset freeze, and the appointment of Thomas A. Seaman as a Permanent Receiver over MCHI, MCC, and MP VI and their subsidiaries and affiliates (including MP I through MP V).

Dated: August 13, 2009　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ John B. Bulgozdy
　　　　　　　　　　　　　　　　　　John B. Bulgozdy
　　　　　　　　　　　　　　　　　　Nicholas S. Chung
　　　　　　　　　　　　　　　　　　Morgan B. Ward Doran
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　Securities and Exchange Commission

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On August 13, 2009, I caused to be served the document entitled **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION AND APPOINTMENT OF PERMANENT RECEIVER** on all the parties to this action addressed as stated on the attached service list:

[ ] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

  [ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

  [ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[X] **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ] **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Date: August 13, 2009          /s/ John B. Bulgozdy
                               John B. Bulgozdy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEC v. MEDICAL CAPITAL HOLDINGS, INC., et al.**
**United States District Court – Central District of California**
**Case No. SACV 09-818 DOC (RNBx)**
**LA-3474**

SERVICE LIST

Alan A. Greenberg, Esq.
Michael A. Piazza, Esq.
Greenberg Traurig, LLP
3161 Michelson Drive, Suite 1000
Irvine, CA 92612
Email: *GreenbergAl@gtlaw.com*
Email: *piazza.mike@dorsey.com*
**Attorneys for Defendants Sidney M. Field and Joseph J. Lampariello**

David Zaro, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 7th Floor
Los Angeles, CA 90071
Email: *dzaro@allenmatkins.com*
**Attorney for Defendants Medical Capital Holdings, Inc., Medical Capital Corporation, and Medical Provider Funding Corporation VI**