JOHN B. BULGOZDY, Cal Bar No. 219897
Email:  bulgozdyj@sec.gov
NICHOLAS S. CHUNG, Cal Bar No. 192784
Email:  chungni@sec.gov
MORGAN B. WARD DORAN, Cal. Bar No. 246107
Email:  warddoranm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:  (323) 965-3998
Facsimile:  (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MEDICAL CAPITAL HOLDINGS, INC.; MEDICAL CAPITAL CORPORATION; MEDICAL PROVIDER FUNDING CORPORATION VI; SIDNEY M. FIELD; and JOSEPH J. LAMPARIELLO,<br><br>　　　　Defendants. | Case No. SACV 09-818 DOC (RNBx)<br><br>**[PROPOSED] PRELIMINARY INJUNCTION AND ORDER APPOINTING A PERMANENT RECEIVER** |

1       This matter came to be heard on August 17, 2009, at 8:30 a.m., upon the
2 Court's August 3, 2009 Temporary Restraining Order and Orders:  (1) Freezing
3 Assets, (2) Appointing a Temporary Receiver, (3) Prohibiting the Destruction of
4 Documents, (4) Granting Expedited Discovery, and (5) Requiring Accountings;
5 and Order to Show Cause re Preliminary Injunction and Appointment of a
6 Permanent Receiver ("TRO").
7       The Court has considered all of the evidence filed by Plaintiff Securities and
8 Exchange Commission ("Commission") in its *Ex Parte* Application for a
9 Temporary Restraining Order and Orders:  (1) Freezing Assets, (2) Appointing a
10 Temporary Receiver, (3) Prohibiting the Destruction of Documents, (4) Granting
11 Expedited Discovery, and (5) Requiring Accountings; and Order to Show Cause re
12 Preliminary Injunction and Appointment of a Permanent Receiver (the
13 "Application"); Defendants' *Emergency Ex Parte* Application Requesting
14 Additional Time to Respond to *Ex Parte* Application by Securities and Exchange
15 Commission for Temporary Restraining Order and Related Relief; Declaration of
16 Joseph J. Lampariello; Declaration of Sirena P. Castillo, filed July 20, 2009;
17 Plaintiff's July 21, 2009 Application for Reinstatement of Temporary Restraining
18 Order and Related Relief;; Defendants' July 22, 2009 Opposition to Application by
19 Securities and Exchange Commission for Temporary Restraining Order; the July
20 22, 2009 Supplemental Declaration of Joseph J. Lampariello in Opposition to
21 Application for Temporary Restraining Order; July 22, 2009 Declaration of
22 Thomas R. Fazio in Opposition to *Ex Parte* Application for Temporary Restraining
23 Order; Defendants' Objections to Evidence Submitted by Securities and Exchange
24 Commission in Support of Temporary Restraining Order; Plaintiff's Reply
25 Memorandum in Support of Application for Temporary Restraining Order and
26 Related Relief; Declaration of David. R. Zaro in Response to *Ex Parte* Application
27 for Temporary Restraining Order; Defendants Sidney M. Field and Joseph J.
28 Lampariello's Opposition to Preliminary Injunction and Appointment of

Permanent Receiver, filed August 10, 2009; Memorandum of Wells Fargo Bank, National Association, in Limited Opposition to Temporary Restraining Order, Preliminary Injunction and Appointment of a Permanent Receiver, filed August 10, 2009; the 10 Day Report and Accounting of Receiver Thomas A. Seaman, filed August 12, 2009; and Plaintiff's Reply Memorandum in Support of Preliminary Injunction and Appointment of Permanent Receiver, as well as argument and evidence introduced at the hearing on August 17, 2009, and based upon the entire record in this case, the Court finds:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that defendants Medical Capital Holdings, Inc. ("MCHI"), Medical Capital Corporation ("MCC"), Medical Provider Funding Corporation VI ("MP VI), Sidney M. Field ("Field"), and Joseph J. Lampariello ("Lampariello"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits in this action.

D. Good cause exists to believe that Defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

Accordingly,

///

**I.**

IT IS HEREBY ORDERED that the Commission's Application for a Preliminary Injunction against defendants MCHI, MCC, MP VI, Field, and Lampariello and Appointment of a Permanent Receiver is GRANTED.

**II.**

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**III.**

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security,

by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants MCHI, MCC, MP VI, Field, and Lampariello and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of defendants MCHI, MCC, MP VI, Field, and Lampariello, or their subsidiaries or affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V), owned by, controlled by, managed by or in the possession or custody of any of them;

    B.    transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to,

1  any investment contracts or other securities of defendants MCHI,
2  MCC, MP VI, Field, and Lampariello, or any of their subsidiaries or
3  affiliates (including but not limited to MP I, MP II, MP III, MP IV,
4  and MP V).

**V.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the previously ordered freeze remains in full force and effect, which freeze was placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by MCHI, MCC, and MP VI, or any entity affiliated with any of them (including but not limited to Medical Provider Funding Corporation I ("MP I"); Medical Provider Funding Corporation II ("MP II"); Medical Provider Funding Corporation III ("MP III"); Medical Provider Funding Corporation IV ("MP IV"); and Medical Provider Funding Corporation V ("MP V")), including, but not limited to, the accounts set forth below:

| Account Owner | Account Number (last four digits) | Bank Name |
|---|---|---|
| MCC | 5853 | Bank of America |
| MCC | 2461 | Comerica Bank |
| MCC | 6714 | Bank of America |
| MCC | 7484 | Bank of America |
| MCC | 9331 | Bank of America |
| MCC | 9988 | Bank of America |
| MCC | 7764 | Bank of America |
| MCC | 9935 | Bank of America |
| MCC | 9948 | Bank of America |
| MCC | 5440 | Bank of America |
| MCC | 7805 | Bank of America |
| MCC | 7818 | Bank of America |
| MCC | 7561 | Bank of America |
| MCHI | 1812 | Comerica Bank |

| Account Owner | Account Number (last four digits) | Bank Name |
|---|---|---|
| MCHI | 0426 | Bank of America |
| MCHI | 1450 | Bank of America |
| MPFC Funds Account | 6771 | Wells Fargo Bank |
| MPFC VI | 3384 | City National Bank |
| MPFC VI | 4860 | City National Bank |
| MPFC VI | 3415 | Bank of New York |
| MPFC VI | *Unknown* | California Bank & Trust |
| MPFC VI | *Unknown* | Comerica Bank |
| MPFC VI | *Unknown* | Wells Fargo Bank |
| MPFC VI | *Unknown* | Zions First National Bank |
| MP I | 3403 | Bank of New York |
| MP II | 3404 | Bank of New York |
| MP III | 0100 | Wells Fargo Bank |
| MP III | 0102 | Wells Fargo Bank |
| MP III | 0101 | Wells Fargo Bank |
| MP III | 0103 | Wells Fargo Bank |
| MP IV | 3405 | Bank of New York |
| MP IV | 3420 | Bank of New York |
| MP V | 3000 | Wells Fargo Bank |

**VI.**

IT IS FURTHER ORDERED that Thomas A. Seaman is appointed as permanent receiver of MCHI, MCC, and MP VI, and their subsidiaries and affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V), with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of MCHI, MCC, MP VI, and their subsidiaries and affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V), and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned,

|   |   |   |
|---|---|---|
| 1 |  | leased, occupied, or otherwise controlled), choses in action, books, |
| 2 |  | records, papers and other real or personal property, wherever located, |
| 3 |  | of or managed by MCHI, MCC, and MP VI, and their subsidiaries and |
| 4 |  | affiliates (including but not limited to MP I, MP II, MP III, MP IV, |
| 5 |  | and MP V), with full power to sue, foreclose, marshal, collect, |
| 6 |  | receive, and take into possession all such property (including access to |
| 7 |  | and taking custody, control, and possession of all such MCHI, MCC, |
| 8 |  | and MP VI property, and that of their subsidiaries and affiliates |
| 9 |  | (including but not limited to MP I, MP II, MP III, MP IV, and MP V); |
| 10 | B. | to have control of, and to be added as the sole authorized signatory |
| 11 |  | for, all accounts of the entities in receivership, including all accounts |
| 12 |  | at any bank, title company, escrow agent, financial institution or |
| 13 |  | brokerage firm (including any futures commission merchant) which |
| 14 |  | has possession, custody or control of any assets or funds of MCHI, |
| 15 |  | MCC, and MP VI, and their subsidiaries and affiliates (including but |
| 16 |  | not limited to MP I, MP II, MP III, MP IV, and MP V), or which |
| 17 |  | maintains accounts over which MCHI, MCC, and MP VI, and their |
| 18 |  | subsidiaries and affiliates (including but not limited to MP I, MP II, |
| 19 |  | MP III, MP IV, and MP V), and/or any of their employees or agents |
| 20 |  | have signatory authority; |
| 21 | C. | to conduct such investigation and discovery as may be necessary to |
| 22 |  | locate and account for all of the assets of or managed by MCHI, |
| 23 |  | MCC, and MP VI, and their subsidiaries and affiliates (including but |
| 24 |  | not limited to MP I, MP II, MP III, MP IV, and MP V), and to engage |
| 25 |  | and employ attorneys, accountants and other persons to assist in such |
| 26 |  | investigation and discovery; |
| 27 | D. | to take such action as is necessary and appropriate to preserve and |
| 28 |  | take control of and to prevent the dissipation, concealment, or |

          disposition of any assets of or managed by MCHI, MCC, and MP VI, and their subsidiaries and affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V);

E.    to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of MCHI, MCC, and MP VI, and their subsidiaries and affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V), and to file the accounting with the Court and deliver copies thereof to all parties;

F.    to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

G.    to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of MCHI, MCC, and MP VI, and their subsidiaries and affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V); and

H.    to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as permanent receiver.

## VII.

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, their subsidiaries and affiliates (including but not limited to MP I,

MP II, MP III, MP IV, and MP V), including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## VIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of MCHI, MCC, MP VI, Field, and Lampariello shall take any action or purport to take any action, in the name of or on behalf of MCHI, MCC, and MP VI, or their subsidiaries or affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V) without the written consent of the permanent receiver or order of this Court.

## IX.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from MCHI, MCC, and MP VI, and their subsidiaries or affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V), and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or

      other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of MCHI, MCC, and MP VI, or their subsidiaries and affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V); and

  C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of MCHI, MCC, and MP VI, or their subsidiaries and affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V), or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## X.

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XI.

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, and their subsidiaries and affiliates (including but not limited to MP I, MP II, MP III, MP IV, and MP V), shall pay the costs, fees and expenses of

10

the permanent receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

## XIII.

IT IS FURTHER ORDERED that representatives of the Commission and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of MCHI, MCC, MP VI, Field, and Lampariello, and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XIV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants MCHI, MCC, MP VI, Field, and Lampariello, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including any

11

1 other entities in receivership, and those persons in active concert or participation
2 with any of them, who receive actual notice of this Order, by personal service or
3 otherwise, and each of them, be and hereby are temporarily restrained and enjoined
4 from, directly or indirectly: destroying, mutilating, concealing, transferring,
5 altering, or otherwise disposing of, in any manner, any documents, which includes
6 all books, records, computer programs, computer files, computer printouts,
7 contracts, correspondence, memoranda, brochures, or any other documents of any
8 kind in their possession, custody or control, however created, produced, or stored
9 (manually, mechanically, electronically, or otherwise), pertaining in any manner to
10 defendants MCHI, MCC, MP VI, Field, and Lampariello, and their subsidiaries
11 and affiliates.

## XV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

August 17, 2009

_David O. Carter_
THE HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ John B. Bulgozdy
John B. Bulgozdy
Nicholas S. Chung
Morgan B. Ward Doran
Attorneys for Plaintiff
Securities and Exchange Commission