DAVID R. ZARO (BAR NO. 124334)
MARK R. HARTNEY (BAR NO. 136824)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        mhartney@allenmatkins.com

Attorneys for Defendant
Thomas A. Seaman as Receiver for Medical
Capital Holdings, Inc.; Medical Capital Provider
Funding Corporation VI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL CAPITAL HOLDINGS, INC.; MEDICAL CAPITAL CORPORATION; MEDICAL CAPITAL PROVIDER FUNDING CORPORATION VI; SIDNEY M. FIELD; and JOSEPH LAMPARIELLO,<br><br>Defendants. | Case No. SACV09-818 DOC (RNBx)<br><br>**DEFENDANT THOMAS A. SEAMAN'S OPPOSITION TO MOTION FOR LEAVE TO FILE COMPLAINT**<br><br>Date: October 5, 2009<br>Time: 8:30 a.m.<br>Ctrm: 9D (Hon. David O. Carter) |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

839396.01/LA

Case No. SACV09-818 DOC (RNBx)
OPPOSITION TO MOTION FOR LEAVE TO FILE COMPLAINT

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................... 2

III. 28 U.S.C. § 959(a) DOES NOT PROVIDE A BASIS FOR GRANTING IHHI'S MOTION ................................................................................ 3

IV. ALL RELEVANT FACTORS MILITATE AGAINST GRANTING IHHI'S MOTION ................................................................................ 4

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

839396.01/LA

(i)

Case No. SACV09-818 DOC (RNBx)
OPPOSITION TO MOTION FOR LEAVE TO
FILE COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carter v. Rogers*,
　220 F.3d 1249 (11th Cir. 2009) .................................................................. 3

*In re Crown Vantage, Inc.*,
　421 F.3d 963 (9th Cir. 2005) ..................................................................... 4

*Superior Motels v. Gould*,
　622 F.2d 1363 (9th Cir. 1980) ................................................................... 4

**Statutes**

28 U.S.C. § 959(a) ............................................................................... 1, 3, 4

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

839396.01/LA

(ii)

Case No. SACV09-818 DOC (RNBx)
OPPOSITION TO MOTION FOR LEAVE TO
FILE COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Thomas A. Seaman, as receiver for Medical Capital Holdings, Inc. and related entities ("Receiver"), opposes Integrated Healthcare Holding Inc.'s ("IHHI's") Motion For Leave To File Complaint ("Motion"). IHHI's Motion is an attempt to circumvent the receivership process, avoid the claims process and gain super-priority over all creditors including the defrauded investors. Contrary to IHHI's assertion, it is not a net creditor of the receivership estate. IHHI is a net debtor of the receivership estate.

IHHI's invocation of 28 U.S.C. § 959(a) as a basis for seeking leave to file a complaint against the Receiver is misplaced. Section 959 provides that a receiver may be sued for acts or transactions connected to their role in managing the receivership estate. The complaint which IHHI proposes to file contains eight causes of action, all of which arise out of actions by the receivership entities *prior to* Mr. Seaman being appointed Receiver. Section 959 is therefore inapplicable.

The gravamen of IHHI's proposed complaint is that one or more of the receivership entities embezzled $12.1 million from IHHI. If this is true, IHHI may have a claim against the receivership estate. That claim is on par with the claims of all other individuals or entities that believe they were defrauded by the receivership entities. In due time, the Receiver will propose to the Court a process by which claims against the estate are received, reviewed and acted upon. That time has not yet come. There is nothing in IHHI's moving papers that establishes that IHHI should have the right to take priority over any other claims. Granting IHHI's Motion at this stage of the receivership would disrupt the Receiver's efforts and cause an immediate drain of resources away from investigation and the marshaling of assets while the Receiver fights the proposed lawsuit.

For these reasons, the Receiver opposes the Motion and asks the Court to exercise its discretion and deny IHHI leave to file a complaint.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

839396.01/LA

Case No. SACV09-818 DOC (RNBx)
OPPOSITION TO MOTION FOR LEAVE TO
FILE COMPLAINT

## II. STATEMENT OF FACTS

The financial relationship between IHHI and the receivership entities began in March 2005, when IHHI acquired four hospitals in Orange County from Tenet Healthcare Corporation for approximately $65 million. (Blake Dec. ¶ 5.) At that time, IHHI borrowed a total of $80 million from certain receivership entities, consisting of: (1) a $50 million note from MP II, and (2) a $30 million non-revolving line of credit for "working capital" from MP II. *(Id.)* In addition, IHHI financed its accounts receivables with MP I. *(Id.)* In December 2005, IHHI borrowed $10.7 million from MP III. *(Id.)* Thus, in 2005, IHHI borrowed a total of $90.7 million from MCHI companies to finance IHHI's purchase of $65 million of hospitals, and to provide working capital for the operation.

In October 2007, IHHI and receivership entities refinanced the initial loans utilizing several credit facilities. As set forth in the Receiver's Second Report to the Court, all of the credit facilities are secured by essentially the same collateral: the four Orange County hospitals and all of the equipment, accounts and other assets of IHHI and its affiliated operating companies. Second Report, p. 15. The first credit facility is an $80 million loan made by MPFC II, comprised of a $45 million real estate term loan and a $35 million non-revolving line of credit. *Id.* IHHI currently owes $45.3 million on the real estate term loan and $30 million on the non-revolving line of credit. *Id.* The second credit facility is a $10.7 million term loan made by MPFC III. *Id.* IHHI currently owes just over $6 million on this second credit facility. *Id.* The third credit facility is a $50 million revolving line of credit made by MPFC I. *Id.*[1] In its proposed complaint, IHHI alleges MPFC I is in default under the third credit facility by failing to make line of credit advances to

---

[1] Pursuant to an Intercreditor Agreement among MPFC I, MPFC II and MPFC III, the first credit facility has full payment priority over the second credit facility, and the second credit facility has full payment priority over the third credit facility.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

839396.01/LA

-2-

Case No. SACV09-818 DOC (RNBx)
OPPOSITION TO MOTION FOR LEAVE TO
FILE COMPLAINT

1  IHHI. IHHI further asserts that MPFC I has misappropriated $12 million of IHHI's
2  funds by "oversweeping" IHHI's accounts receivables from a lockbox account.
3    The sum of the amounts owing on the first two credit facilities is $81 million.
4  There is a zero balance due on the third credit facility and IHHI asserts an offset of
5  at least $12 million.
6    The Receiver has met twice with senior management and the majority
7  shareholder of IHHI regarding a potential sale of all three of the credit facilities and
8  resolution of each parties' claims against the other. The parties have exchanged
9  offers and counteroffers, but no agreement has yet been reached.

10  **III.   28 U.S.C. § 959(a) DOES NOT PROVIDE A BASIS FOR GRANTING**
11  **IHHI'S MOTION.**

12    IHHI's reliance on 28 U.S.C. § 959(a) is misplaced. As the plain wording of
13  that statute makes clear, § 959(a) applies only to claims arising out of a receiver's
14  management of the receivership property. Section 959(a) provides a limited
15  exception to the general rule that a suit cannot be brought against the Receiver
16  without leave of the court by which he was appointed. Section 959(a) states:
17      [R]eceiver's . . . may be sued, without leave of the court appointing
18      them, with respect to any of their acts or transactions in carrying on
19      business connected with such property. Such action shall be subject to
20      general equity power of such court so far as the same may be necessary
21      to the ends of justice, but this shall not deprive a litigant of his right to
22      trial by jury.
23  28 U.S.C. § 959(a). This section is intended to allow redress for "torts committed in
24  furtherance of the debtor's business, such as the common situation of a negligence
25  claim in a slip and fall case where bankruptcy trustee, for example, conducted a
26  retail store." *Carter v. Rogers*, 220 F.3d 1249, 1254 (11th Cir. 2009).
27    IHHI attempts to shoehorn its claims into the narrow confines of § 959(a) by
28  claiming (1) the Receiver's initial reports indicate confusion over the status of IHHI;

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

839396.01/LA

-3-

Case No. SACV09-818 DOC (RNBx)
OPPOSITION TO MOTION FOR LEAVE TO
FILE COMPLAINT

(2) the Receiver's reports contemplate taking action in violation of IHHI's contracts; and (3) the Receiver has a legal obligation to disgorge IHHI's converted/embezzled $12.1 million. Motion at p. 17, lns. 18-27. Even if true, none of these assertions would provide a basis for granting IHHI's Motion. Section 959(a) does not apply to suits against receivers for "administering or liquidating the bankruptcy estate." *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005).[2]

More importantly, section 959(a) can not apply because the allegations of the proposed complaint make clear that IHHI is seeking relief from wrongs that occurred prior to the Receiver being appointed. The proposed complaint alleges numerous bad acts by the receivership entities all occurring prior to August, 2009. IHHI's reliance on § 959 is misplaced.

## IV. ALL RELEVANT FACTORS MILITATE AGAINST GRANTING IHHI'S MOTION.

In deciding whether to grant relief from the stay imposed by a receivership order, courts are to consider three factors: (1) whether refusing to lift the stay generally preserves the status quo or whether the moving party would suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from stay is made; and (3) the merit of the moving party's underlying claim. *Superior Motels v. Gould*, 622 F.2d 1363 (9th Cir. 1980).

None of these factors favor granting the Motion. Lifting the stay will disrupt the status quo, would be extremely disruptive and would impede the efficient management of the receivership estate. IHHI asserts that the Motion should be granted in order to allow it to "conduct discovery . . . secure bank records, wire

---

[2] Each of these assertions is patently false. The Receiver has met twice with representatives of IHHI and fully understands the relationship between IHHI and the MedCap entities. The Receiver has never suggested that he is contemplating taking action in violation of IHHI's contracts and he has absolutely no legal obligation to "disgorge" the funds IHHI claims were embezzled prior to the claims process.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

839396.01/LA

-4-

Case No. SACV09-818 DOC (RNBx)
OPPOSITION TO MOTION FOR LEAVE TO
FILE COMPLAINT

transfer information, deposit receipts, etc. to ascertain the present whereabouts of its funds – or any property or assets acquired with those funds." Motion, p. 8, ll. 16-20. But those are precisely the tasks that the Receiver is mandated to perform – and indeed has been performing – pursuant to the Court's order appointing the receiver. The difference, of course, is that the Receiver is performing those tasks for the benefit of all creditors, not just IHHI.

An essential purpose of a receivership is to provide for the orderly marshalling of assets, tracing of funds and evaluation of claims in order to maximize recovery for all claimants. By the Motion, IHHI seeks to claim for itself the right to conduct discovery, secure records, and trace money, thereby drastically disrupting the status quo and interfering with the work of the Receiver.

IHHI will not be prejudiced by the denial of the Motion. While it claims to be in dire financial straits as a result of the alleged diversion of funds, IHHI took no action regarding the alleged embezzlement for seven months. IHHI became aware of the alleged embezzlement of its funds in January, 2008. Declaration of Steven R. Blake, ¶ 11. It did not raise the specter of litigation until after the Receiver was appointed in August, 2009. In addition, IHHI originally brought this motion on an *ex parte* basis on the grounds that it faced imminent financial collapse, yet it has continued to operate its hospitals while extending the hearing date on its motion several times. IHHI simply fails to explain how granting this motion would improve IHHI's financial condition.[3]

The second factor to be considered – the timing of the motion relevant to the phase of the receivership – urges a denial of this motion. This receivership is still in its early stages. As reported in the Receiver's reports to the Court, the Receiver has made great strides in marshalling the assets of the estate and investigating the value

---

[3] It should also be noted that IHHI has proposed that its major shareholder, Dr. Chaudhuri, would provide debtor in possession financing for the operation of the hospitals.

1  of those assets. The Receiver has much more work to do, and should be allowed to
2  do his work without interference from IHHI and without having to defend lawsuits.

3      Finally, the third factor also militates against granting this motion. Assuming
4  the allegations in the complaint are true, IHHI has established only that it has a
5  claim against the receivership estate. That claim can and should be dealt with along
6  with all other claims against the estate.

7      IHHI appears to attempt to distinguish its claim from all other claims by
8  asserting that its money "never legally belonged to the MedCap entities." p. 7,
9  ll.-20. In support of this assertion, it cites statues and case law to the effect that
10 someone who gains something by fraud becomes an "involuntary trustee" of the
11 thing gained. But IHHI fails to explain why the money it asserts was wrongfully
12 taken from it by the MedCap entities is any different from the money that was
13 wrongfully taken, by fraud, from the innocent investors. Just as the innocent
14 investors believed the receivership entities would properly invest their money, IHHI
15 apparently believed that the receivership entities were trustworthy entities with
16 whom they could do business. Both beliefs appear to have been misplaced, but
17 there is nothing that distinguishes IHHI's loss from the loss of investors such that
18 IHHI should have priority over other creditors.

19     For the reasons stated above, the Receiver respectfully requests that IHHI's
20 motion be denied.

21 Dated: September 24, 2009

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
MARK R. HARTNEY

By:   /S/ Mark R. Hartney
MARK R. HARTNEY
Attorneys for Defendant
Thomas A. Seaman as Receiver for
Medical Capital Holdings, Inc.;
Medical Capital Provider Funding
Corporation VI

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

839396.01/LA

-6-

Case No. SACV09-818 DOC (RNBx)
OPPOSITION TO MOTION FOR LEAVE TO
FILE COMPLAINT