Michael A. Piazza (SBN 235881)
Wayne R. Gross (SBN 138828)
Alan A. Greenberg (SBN 150827)
GREENBERG TAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Fax: (949) 732-6501
Email: piazzam@gtlaw.com
Email: grossw@gtlaw.com
Email: greenbergal@gtlaw.com

Attorneys for Defendants Sidney M. Field and Joseph J. Lampariello

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL CAPITAL HOLDINGS, INC.; MEDICAL CAPITAL CORPORATION; MEDICAL PROVIDER FUNDING CORPORATION VI; SIDNEY M. FIELD; and JOSEPH J. LAMPARIELLO,<br><br>Defendants. | CASE NO. 09CV-818 DOC (RNBx)<br><br>***EX PARTE* APPLICATION OF DEFENDANTS SIDNEY M. FIELD AND JOSEPH J. LAMPARIELLO FOR LEAVE TO SUBMIT THE DECLARATION OF WAYNE R. GROSS FOR *IN CAMERA* REVIEW; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LINDSAY A. AYERS**<br><br>[Filed concurrently with [Proposed] Order]<br><br>DATE/TIME: TBD<br>JUDGE: Hon. David O. Carter<br>CTRM: 9D |

1

# *EX PARTE* APPLICATION

In response to the Court's March 19, 2010 Minute Order (Docket #193), Defendants Sidney M. Field and Joseph J. Lampariello (the "Individual Defendants") seek to submit for *in camera* review a declaration of Wayne R. Gross (the "Gross Declaration" or "Declaration") to provide the Court with additional detail setting forth the exigent circumstances that require the immediate release of assets for payment of attorneys' fees. Because the information set forth in the Gross Declaration is highly confidential, the Individual Defendants hereby submit this *ex parte* application requesting leave to submit the Gross Declaration for *in camera* review ("*Ex Parte* Application" or "Application").

The Individual Defendants have good cause and compelling reasons to justify having the Gross Declaration reviewed only by the Court *in camera*. These reasons outweigh the public's interest (including any interest by other parties in this matter) in disclosure of the sensitive, confidential information contained in the Declaration ("Confidential Information"). Specifically, the Declaration contains Confidential Information regarding a concurrent criminal investigation. Thus, if the Declaration is not limited to review *in camera*, the Confidential Information contained in the Declaration has the potential to be disseminated and used for improper purposes, including, but not limited to, potential interference with an ongoing criminal investigation.[1]

The Individual Defendants request that this Application be heard on an *ex parte* basis so that the Individual Defendants may file an *ex parte* application seeking reconsideration of the March 19th ruling in light of the Confidential Information contained in the Gross Declaration.

This *Ex Parte* Application is concurrently filed with a memorandum of points and authorities and the declaration of Lindsay A. Ayers which confirms that counsel for the Individual Defendants, in accordance with Local Rule 7-19.1, conferred with the

---

[1] The U.S. Attorney's Office concurs with the *in camera* filing of the Gross Declaration.

*EX PARTE* APPLICATION FOR LEAVE TO SUBMIT THE DECLARATION OF WAYNE R. GROSS FOR *IN CAMERA* REVIEW
286,546,936.1

1  Securities and Exchange Commission counsel, John Bulgozdy, and with the Receiver's
2  counsel Michael Farrell.  In addition, counsel for the Individual Defendants conferred
3  with Assistant U.S. Attorney, Jennifer Waier, and she joins in this request for *in camera*
4  review.
5      The Individual Defendants therefore respectfully request that the Court grant this
6  *Ex Parte* Application allowing for *in camera* review of the Gross Declaration.
7  Dated: March 25, 2010                      GREENBERG TRAURIG, LLP

                                              By:  */s/ Michael A. Piazza*
                                              Michael A. Piazza
                                              Wayne R. Gross
                                              Alan A. Greenberg
                                              Attorneys for Defendants
                                              Sidney M. Field and
                                              Joseph J. Lampariello

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On March 19, 2010, the Court denied *without prejudice* the Individual Defendants' *Ex Parte* application for release of attorneys' fees citing in part a need for more information to clarify the exigency of the request. The Individual Defendants would like to provide the Court with that further level of detail, but due to the confidential nature of the information, the Individual Defendants, by way of this *Ex Parte* Application, seek permission from the Court to lodge a declaration by Wayne Gross (the "Gross Declaration") for *in camera* review only. Allowing the Individual Defendants to lodge the Declaration for *in camera* review will provide the Individual Defendants the opportunity to show the Court that there is an immediate need for release of assets for payment of attorneys' fees.

### II. EX PARTE NOTICE

Pursuant to Local Rule 7-19.1, counsel for the moving parties, Ms. Lindsay A. Ayers spoke with Securities and Exchange Commission ("SEC") counsel John Bulgozdy on March 24, 2010 providing him notice of the Individual Defendants' intent to file this *Ex Parte* Application seeking leave to lodge a Declaration (for *in camera* review) in order to provide the Court with detail regarding the exigent circumstances for immediate release of assets for payment of attorneys' fees. *See* Declaration of Lindsay A. Ayers ("Ayers Decl."), ¶ 2. Not knowing the confidential content or nature of the information contained in the Gross Declaration, Mr. Bulgozdy could not comment on whether he would oppose. *Id.* On March 24th, Ms. Ayers attempted to contact the Receiver's counsel (David Zaro)[2]. *See* Ayers Decl. ¶ 3. Assistant to Mr. Zaro, Shirley Forster, confirmed that both Mr. Zaro and Michael Farrell, attorneys representing the Receiver,

---

[2] In accordance with L.R. 7-19, the address, telephone number and email address for Mr. Bulgozdy and Mr. Zaro are listed on the accompanying Service List.

*EX PARTE* APPLICATION FOR LEAVE TO SUBMIT THE DECLARATION OF WAYNE R. GROSS FOR *IN CAMERA* REVIEW
286,546,936.1

were out of the office for the day. *Id.* On March 25th, Ms. Ayers spoke with Mr. Farrell and advised him that Individual Defendants would be filing the *Ex Parte* Application seeking leave to lodge the Gross Declaration (for *in camera* review) and the purpose of the filing. *Id.* Mr. Farrell stated that he would speak with his client and, not being privy to the content of the Gross Declaration, that he could not confirm whether or not the Receiver would file an opposition . *Id.*

### III. LEGAL ARGUMENT

#### A. GOOD CAUSE EXISTS FOR MAINTAINING THE CONFIDENTIALITY OF WAYNE GROSS' DECLARATION AND LIMITING IT TO *IN CAMERA* REVIEW

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, access to judicial records is not absolute. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

The Gross Declaration discloses Confidential Information concerning some of the private, non-public and confidential details related to the concurrent on-going criminal investigation that concerns, *inter alia*, the Individual Defendants. For the following compelling reasons, good cause exists for the relief sought and thus, such information should not be placed in the public files of the Court and should be limited to *in camera* review for the Court's eyes only.

First, the importance of maintaining the confidentiality of the information contained in the Gross Declaration far outweighs any public (or opposing party's) interest in disclosure of the information. The information contained in the Declaration discusses details related to confidential discussions between law enforcement and the Individual Defendants. For this reason, any release of the Confidential Information at this stage may very well interfere with the criminal investigation (which would not be in the public's interest) and potentially prejudice the Individual Defendants. *Cf. Mohammed Haider v. Director of Corrections*, 992 F.Supp 1192, 1195 (C.D. Cal. 1997)(affirming a California Court of Appeal decision that upheld a ruling protecting privileged

information where the disclosure of the information would otherwise impair further criminal investigations).

In addition, courts have denied access to documents where they "might have become a vehicle for improper purposes." *See Nixon,* 435 U.S. at 598. The courts will consider prejudice to the party, as set forth by the Supreme Court in *Nixon*, when determining whether or not the release of the information would be improper. *Id.* Here, the public filing of the Gross Declaration could lead to the Confidential Information, contained within, to be distributed and/or transmitted for improper purposes causing Individual Defendants to be prejudiced. Due to the nature of the criminal investigation, the release of Confidential Information regarding the Individual Defendants' discussions with law enforcement officers at a stage when no determinations of guilt have been made has the potential to instigate the circulation of libelous statements regarding the Individual Defendants, and unduly prejudice them in ongoing civil proceedings. *See Nixon,* 435 U.S. at 598 (courts have refused to permit their files to be available for press consumption where it could lead to the dissemination of libelous statements). This case is already highly publicized and regularly reported in the press. For these compelling reasons there is good cause to allow the Individual Defendants leave to submit the Gross Declaration for *in camera* review only.

### B.  EX PARTE RELIEF IS REQUIRED

The concurrent criminal investigation now requires the immediate involvement of sophisticated criminal defense counsel on behalf of the Individual Defendants. Having this *Ex Parte* Application heard and decided on an *ex parte* basis now is critical to (1) provide the Individual Defendants' the opportunity to provide the Court with the reasons for the exigency of the Individual Defendants' initial request for release of assets to pay for attorneys' fees, while (2) maintaining the confidential content of the Gross Declaration, and (3) allowing the Individual Defendants the opportunity to file a motion seeking reconsideration from the Court for the immediate release of assets to pay attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the Individual Defendants seek to maintain the highly confidential nature of the contents of the Gross Declaration as private and seek leave to lodge the Gross Declaration solely for *in camera* review.

Dated: March 25, 2010                    GREENBERG TRAURIG, LLP


By: */s/ Michael A. Piazza*
Michael A. Piazza
Wayne R. Gross
Alan A. Greenberg
Attorneys for Defendants
Sidney M. Field and
Joseph J. Lampariello

# DECLARATION OF LINDSAY A. AYERS

I, Lindsay A. Ayers, declare as follows:

1. I am an attorney at law admitted to practice before this court. I am an associate of Greenberg Traurig, LLP, attorneys for Defendants Sidney M. Field and Joseph J. Lampariello (the "Individual Defendants") in this action. I have personal knowledge of the facts set forth below, and if called upon as a witness, I could and would competently testify thereto.

2. Pursuant to Local Rule 7-19.1, as counsel for the moving parties, I spoke with Securities and Exchange Commission counsel, John Bulgozdy, on March 24th providing him notice of the Individual Defendants' intent to file this *Ex Parte* Application for leave to submit the Declaration of Wayne R. Gross ("Gross Declaration") for *in camera* review to provide the Court with detail regarding the exigent circumstances for immediate release of assets for payment of attorneys' fees. Not knowing the confidential content or nature of the information contained in the Gross Declaration, Mr. Bulgozdy could not comment on whether he would oppose.

3. Also on March 24th, I attempted to contact the Receiver's counsel, David Zaro. Assistant to Mr. Zaro, Shirley Forster, confirmed that both Mr. Zaro and Michael Farrell, attorneys representing the Receiver, were out of the office for the day. On March 25th, I spoke with Mr. Farrell and advised him that the Individual Defendants would be filing the *Ex Parte* Application seeking leave to lodge the Gross Declaration (for *in camera* review) and the purpose of the filing. Mr. Farrell stated that he would speak with his client and, not being privy to the content of the Gross Declaration, that he could not confirm whether or not the Receiver would file an opposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: March 25, 2010

Lindsay A. Ayers

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

On the below date, I electronically filed *EX PARTE* **APPLICATION OF DEFENDANTS SIDNEY M. FIELD AND JOSEPH J. LAMPARIELLO FOR LEAVE TO SUBMIT DECLARATION OF WAYNE R. GROSS IN SUPPORT OF DEFENDANTS' PLEADING FOR** *IN CAMERA* **REVIEW; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LINDSAY A. AYERS** with the Clerk of the United States District Court for the Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

## SEE ATTACHED SERVICE LIST

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**
In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 25, 2010, at Irvine, California.

*/s/ Michael A. Piazza*
Michael A. Piazza

# SERVICE LIST

*SEC vs. Medical Capital Holdings, Inc., et al.*
USDC - Central District of California
Case No. 09CV-818 DOC (RNBx)

| | |
|---|---|
| JOHN B. BULGOZDY<br>Email: bulgozdyj@sec.gov<br>NICHOLAS S. CHUNG<br>Email: chungni@sec.gov<br>MORGAN B. WARD DORAN<br>Email: warddoranm@sec.gov<br>Securities and Exchange Commission<br>5670 Wilshire Boulevard, 11th Floor<br>Los Angeles, California 90036-3648<br>Telephone: (323) 965-3998<br>Facsimile: (323) 965-3908<br>Attorneys for Plaintiff | David Zaro, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 S. Figueroa Street, 7th Floor<br>Los Angeles, CA 90071<br>Email: dzaro@allenmatkins.com<br>Attorney for Receiver |
| EDWARD T. WAHL<br>STEPHEN M. MERTZ<br>THERESA H. DYKOSCHAK<br>(PRO HAC VICE APPLICATIONS TO BE FILED)<br>FAEGRE & BENSON LLP<br>90 South Seventh Street, Suite 2200<br>Minneapolis, Minnesota 55402-3901<br>Telephone: 612.766.7000<br>Facsimile: 612.766.1600<br>Email: ewahl@faegre.com<br>Email: smertz@faegre.com | LAWRENCE BASS<br>FAEGRE & BENSON LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, CO 80203-4532<br>Telephone: 303-607-3500<br>Facsimile: 303-607-3600<br>Email: lbass@faegre.com |