DAVID R. ZARO (BAR NO. 124334)
MICHAEL R. FARRELL (BAR NO. 173831)
TED FATES (BAR NO. 227809)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        mfarrell@allenmatkins.com
        tfates@allenmatkins.com

Attorneys for Receiver
THOMAS A. SEAMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Receiver,<br><br>v.<br><br>MEDICAL CAPITAL HOLDINGS, INC.; MEDICAL CAPITAL CORPORATION; MEDICAL PROVIDER FUNDING CORPORATION VI; SIDNEY M. FIELD; and JOSEPH J. LAMPARIELLO,<br><br>Defendants. | Case No. SA CV09-0818 DOC (RNBx)<br><br>**DECLARATION OF THOMAS A. SEAMAN IN SUPPORT OF MOTION TO EXPAND EMPLOYMENT OF SPECIAL NEW YORK COUNSEL (FORMAN HOLT ELIADES & RAVIN LLC)**<br><br>Date:  August 15, 2011<br>Time:  8:30 a.m.<br>Ctrm:  9D<br>Judge: Hon. David O. Carter |

I, Thomas A. Seaman, declare as follows:

1. I am the Court appointed permanent receiver for Medical Capital Holdings, Inc., Medical Capital Corporation, and Medical Provider Funding Corporation VI, and their subsidiaries and affiliates (collectively, "Medical Capital" or the "Receivership Entities"). The following facts are within my knowledge and if called as a witness I would testify to them under oath.

2. On February 8, 2011, I moved for authorization to employ Forman Holt as special New York area counsel to evaluate and, as appropriate, pursue collection

1 actions relating to Dr. Robert Schepp and his medical practices ("Employment Motion"). Docket No 475. In the Employment Motion, I explained that my general counsel, Allen Matkins Leck Gamble Mallory & Natsis, LLP, is a California firm with no offices outside the state. The collection actions relating to Dr. Schepp potentially involved New York law, the primary parties are located in and around New York, and collection efforts would be carried out in and around New York. Therefore, in order to determine the appropriate course of action, I required experienced counsel in that geographic region.

3. The Employment Motion also discusses my selection of Forman Holt, including their relevant experience and expertise, and competitive billing rates. Finally, I noted that there was a possibility that I would need special counsel for other collection-related matters in and around New York. The Court granted the Employment Motion on March 9, 2011. Docket No. 489.

4. I am now seeking to expand Forman Holt's employment to include the following collection matters ("Additional Collection Matters"):

A. <u>Access Medical Associates, LLC and Lon Goldberg</u>: On March 1, 2005, Medical Capital Corporation Special Purpose Corporation VIII ("MCC SPC VIII") entered into a Purchase Agreement with Access Medical Associates, LLC ("Access"), under which MCC SPC VIII acquired the right to purchase Access's accounts receivable. Lon Goldberg guaranteed Access's obligations under the Purchase Agreement. On November 20, 2008, MCC SPC VIII obtained a judgment in Nevada state court against Access and Mr. Goldberg, jointly and severally, in the amount of $108,261.12, plus attorney fees of $65,977.70 and costs of $6,245.17. Access and Goldberg are located in the New York area.

B. <u>Capitoline Advisory Group, Inc.</u>: On or about January 29, 2007, Medical Provider Financial Corporation III ("MPFC III") issued a loan

in the amount of $300,000 to Capitoline Advisory Group, Inc. ("Capitoline"). On or about February 5, 2009, MPFC III obtained a judgment against Capitoline in New York state court in the amount of $300,000 plus interest at the rate of twelve (12%) percent per annum. Capitoline is located in the New York area.

C. <u>Quality Care, LLC and John Breining</u>:  On October 24, 2003, Carlmont Capital Special Purpose Corporation II and Medical Capital Corporation entered into a Purchase Agreement with Quality Care, LLC ("Quality Care"). Fred Walters and John Breining guaranteed the obligations. Fred Walters filed bankruptcy in October 2005, and received a discharge in January 2006. On or about October 12, 2006, Medical Capital obtained a judgment in Nevada federal court against Quality Care and Mr. Breining in the amount of $396,679.90, plus attorney fees and costs of $3,729, plus interest at the rate of eighteen (18%) percent per annum. Mr. Breining is located in the New York area.

D. <u>Vantage Services Corp. and Vincent Mallon</u>:  On May 2, 2002, Carlmont Capital Special Purpose Corporation II entered into a Purchase Agreement with Vantage Services Corp. ("Vantage"). Vincent Mallon guaranteed Vantage's obligations under the Purchase Agreement. On or about April 5, 2005, Medical Capital obtained a judgment in New York state court against Vantage and Mr. Mallon, jointly and severally, in the amount of $336,857.47. Mr. Mallon is located in the New York area.

E. <u>Ilya Gonta.</u>  On or about September 1, 2005, MPFC II entered into a Purchase Agreement with New Life Centers, LLC ("New Life"). On or about November 8, 2005, New Life executed a Promissory Note in favor of MPFC II in the amount of $42,822.27. Addison Larreau and

1  Ilya Gonta guaranteed New Life's obligations under the Purchase
2  Agreement and Promissory Note. On March 4, 2011, the Receiver
3  obtained a judgment against New Life, Mr. Larreau and Mr. Gonta in
4  the amount of $427,811.10. Mr. Gonta is located in the New York
5  area.

6  E.  <u>Kathryn Calabria, D.O., P.C.</u>  On or about June 15, 2007, MPFC IV
7  entered in to a Loan and Security Agreement with Kathryn E. Calabria,
8  D.O., P.C., a New York professional corporation ("Calabria"), under
9  which MPFC IV agreed to make available a revolving line of credit up
10  to $1,500,000. The agreement grants a security interest in all
11  preexisting and after acquired collateral, which term is broadly defined.
12  On or about March 7, 2008, MPFC IV increased the available credit
13  limit to $1,625,000. Calabria is in default under the Loan and Security
14  Agreement, but no action was filed to enforce Calabria's obligations or
15  foreclose on the collateral. As of April 30, 2011, the total outstanding
16  balance was $2,320,005.77. Calabria is located in the New York area.

17  5.  The proposed Retainer Agreement for Forman Holt's work on the
18 Additional Collection Matters is attached hereto as Exhibit A. Forman Holt has
19 agreed to take on the Additional Collection Matters under the following fee
20 structure:

21  (i)  For each of the matters A through E above, Forman Holt will bill at the
22      reduced hourly rates provided in the Retainer Agreement up to a
23      maximum of $10,000. The firm will also receive in each matter a
24      contingent fee equal to thirty (30%) percent of all amounts above
25      $10,000 that are recovered.

26  (ii) For matter F above, Forman Holt will bill at the reduced hourly rates
27      provided in the Retainer Agreement up to a maximum of $25,000. The

28

1  firm will also receive a contingent fee equal to twenty-five (25%)
2  percent of all amounts above $25,000 that are recovered.
3      6.   As the Retainer Agreement reflects, the billing rates for the attorneys at
4  Forman Holt range from $200 to $500 per hour, which are reduced from the firm's
5  general billing rates.
6      7.   I believe that the proposed fee structure in the Retainer Agreement is
7  fair and reasonable, comparable to what firms with similar expertise would charge,
8  and will allow me to maximize the recovery for the receivership estate from the
9  Additional Collection Matters.
10
11      I declare under penalty of perjury under the laws of the State of California
12  that the foregoing is true and correct.
13      Executed this 14th day of July, 2011, at Irvine, California.

THOMAS A. SEAMAN

# EXHIBIT A



**FORMAN HOLT ELIADES & RAVIN LLC**
**ATTORNEYS AT LAW**

Charles M. Forman**
Michael E. Holt**
Daniel M. Eliades*
Stephen B. Ravin† ‡
Erin J. Kennedy***
Joseph M. Cerra**
Kim R. Lynch' ‡
William L. Waldman**
David S. Catuogno*'*
Harry M. Gutfleish' ‡
Michelle Rosen Silverman**
Kimberly J. Salomon**
Robert H. Johnson*'*
Dipesh Patel'*
Constance N. DeSena**
Matteo Percontino**

OF COUNSEL
Michael J. Connolly***
Wendy B. Green*‡‡
William A. Calandra*

MEMBER NJ & PA BAR·
MEMBER NJ & NY BAR··
MEMBER NJ BAR···

www.formanlaw.com
firm@formanlaw.com

REPLY TO PARAMUS

Thomas A. Seaman
The Thomas Seaman Company
3 Park Plaza, Suite 550
Irvine, CA  02614

## RETAINER AGREEMENT

Subject to the terms set forth below, Forman Holt Eliades & Ravin LLC has agreed to represent you, in your capacity as the Court-appointed receiver for Medical Capital Holdings, Inc. and affiliated entities in Case No. SACV 09-818 Doc (RNBx) pending in the United States District Court for the Central District of California (the "Court"), in the following matters:

    (1)    Collect a judgment of approximately $427,811.10 against Ilya Gonta.

    (2)    Collect a judgment of approximately $400,000.00 against Quality Care, LLC (or its successors) and John Breining.

    (3)    Collect a judgment of approximately $337,000.00 against Vantage Services Corporation and Vincent A. Mallon.

    (4)    Collect a judgment of approximately $180,483.99 against Access Medical Associates, LLC and Lon Goldberg.

    (5)    Collect a judgment of approximately $300,000.00 against Capitoline Advisory Group, Inc. and Charles D. Newman, and

    (6)    Collect a debt and pursue an action against Kathryn E. Calabria, D.O. P.C. in the amount of approximately $1.5 million to $2 million.

Our firm's responsibility for this representation will commence when we receive a copy of this agreement accepted and signed by you. We have agreed to represent you in this matter in consideration for the hybrid contingency fee arrangement explained below.

We will bill you at the following agreed-to reduced hourly rates (the "Hourly Fees") up to a maximum of $10,000.00 for matters (1) through (5) and $25,000.00 for matter (6):

| | |
|---|---|
| Charles M. Forman | $500.00 |
| Stephen B. Ravin | $475.00 |
| Erin J. Kennedy | $400.00 |
| Michael E. Holt | $375.00 |
| Daniel M. Eliades | $375.00 |
| Joseph M. Cerra | $375.00 |
| William L. Waldman | $375.00 |
| David S. Catuogno | $375.00 |
| Harry M. Gutfleish | $375.00 |
| Michael J. Connolly | $375.00 |

80 Route 4 East, Suite 290
Paramus, NJ 07652
T 201.845.1000
F 201.845.9112

888 7th Ave., Suite 4500
New York, NY 10106
T 212.707.8500
F 212.707.8511

664 Chestnut Ridge Road
Spring Valley, NY 10977
T 845.371.3451
F 845.371.7667

1615 Jackson Street
Philadelphia, PA 19145
T 215.925.7191
F 215.925.7192

# FORMAN HOLT ELIADES & RAVIN

      Wendy B. Green .................................................................. $375.00
      William A. Calandra ........................................................... $375.00
      Kim R. Lynch ..................................................................... $375.00
      Michelle Rosen Silverman...................................................$290.00
      Kimberly J. Salomon .......................................................... $225.00
      Robert H. Johnson ............................................................. $225.00
      Dipesh Patel ...................................................................... $200.00
      Constance DeSena ............................................................. $200.00
      Matteo Percontino ............................................................. $200.00
      Bridget G. McGrath.............................................................$215.00*
      Paralegals and legal assistants .................................... $110.00 - $200.00

*pending admission to the bar

In addition to the Hourly Fees, our firm is entitled to a contingency fee of 30% of recovery obtained in excess of $10,000.00 for each of the matters designated (1) through (5), and 25% of recovery obtained in excess of $25,000.00 for matter (6).

In the event that any of the defendants (a) raises any counterclaim against you (or any of the receivership entities) that is not related to the transactions memorialized in each of the judgments obtained in matters (1) through (5), or in the transaction documents that we received from you for matter (6), or (b) files a third party complaint, you agree that our firm may be entitled to an alternative fee structure (including increasing the amount of the Hourly Fees, the Contingency Fees or both) and that we will use our best efforts to reach agreement on the modified structure.

Our firm is entitled to reimbursement of all out-of-pocket disbursements and expenses, including photocopies, travel, telephone calls, postage, search services, computer research charges, etc. Deposition charges, if any, will be sent directly to you for payment to the certified stenographer. To the extent that outside experts will be required, such as accountants, experts, investigators, etc., we will discuss such matters with you prior to their retention. All such disbursements will be paid in addition to the Hourly Fees and the Contingency Fees.

In the course of these representations, we may receive funds, on your behalf as your agent. Such funds will be deposited into our trust account earmarked for you. Before disbursing such funds to you, we reserve the right to set off any outstanding fees and disbursements due our firm for each of the respective matters as of the date of disbursement. This right, however, shall not relieve you of the obligation to pay our invoices in a timely manner as described above.

# FORMAN HOLT ELIADES & RAVIN

We understand and acknowledge that your retention of our firm, and the payment of our firm's fees and expenses, are subject to approval of the Court, including any requirements governing interim and final fee applications.

By accepting this agreement, you acknowledge that our firm has given no guarantees regarding the outcome of these matters.

FORMAN HOLT ELIADES & RAVIN LLC


By: _____
     Harry M. Gutfleish

Dated: April ____, 2011


_____
THOMAS A. SEAMAN, solely in his capacity as the Court-appointed Receiver for Medical Capital Holding, Inc. and affiliated entities

Dated: April ____, 2011