**WESTERMAN LAW CORP.**
JEFF S. WESTERMAN (94559)
  jwesterman@jswlegal.com
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Telephone: (310) 698-7880
Facsimile: (310) 775-9777

*Co-Lead Counsel for Class Representative Michel Rappaport in Medical Capital Securities Litigation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MEDICAL CAPITAL HOLDINGS, INC.; MEDICAL CAPITAL CORPORATION; MEDICAL PROVIDER FUNDING CORPORATION VI; SIDNEY M. LAMPARIELLO, <br><br> Defendants. | Case No. SACV- 09-0818 DOC (RNBx) <br><br> **CLASS REPRESENTATIVE RAPPAPORT'S CONDITIONAL OPPOSIITON TO *EX PARTE* APPLICATION FOR PERMISSION TO FILE DOCUMENTS UNDER SEAL** <br><br> Judge:    Hon. David O. Carter |

## **OPPOSITION TO *EX PARTE***

Class representative Michel Rappaport conditionally opposes Receiver Thomas A. Seaman's *Ex Parte* Application for Order Permitting Documents to Be Filed Under Seal, filed October 21, 2014.  Dkt. No. 1229.

Receiver seeks to seal documents without providing any information that would allow the public to determine whether the request meets the standard for good cause, or even identifying what specific documents the request is for.  If the documents related to the $219 million settlement in the related securities litigation, *In re Medical Capital Securities Litigation*, C.D. Cal. Case No. 10-2145, including those regarding attorney's fees and costs, did not need to be sealed, noteholders should, at the least, be informed of the basis for Receiver's application for sealing, whether it be in connection with the settlement of claims or for other purposes.

The first concern is that there is insufficient transparency because even the documents requesting sealing are requested to be sealed.  The second concern is that since the 8,000 to 9,000 plus noteholders are likely the primary beneficiaries of any assets in the receivership, the sealing process should only be used sparingly if it will assist in maximizing value.  The third concern is that there be an open public record of at least the subject matter of these sealing requests and the stated reasons why the requests satisfy the legal standard.

Class representative Rappaport requests the following relief:

(1) That the application for permission to file under seal be denied conditionally or held in abeyance until a public filing is made; and

(2) That Receiver provide publicly filed information sufficient to discern the subject matter and demonstrate the full basis for the application for sealing.

The standard for showing "good cause" for sealing documents is high.  *See* Fed. R. Civ. P. 26(c)(1) (requiring good cause for protective order).  "Broad

allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the [] test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).  Rather, the party seeking sealing "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result" from a failure to seal.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *see also* Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (requiring a showing of "clearly defined and serious injury").  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

DATED:   October 22, 2014         **WESTERMAN LAW CORP.**

   /s/ Jeff S. Westerman
   JEFF S. WESTERMAN

JEFF S. WESTERMAN (94559)
jwesterman@jswlegal.com
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Telephone: (310) 698-7880
Facsimile: (310) 775-9777

*Co-Lead Counsel for Class Representative Michel Rappaport in Medical Capital Securities Litigation*

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America and over the age of 18 and not a party to the above-captioned action. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, California, 90067.

On October 22, 2014, I served the following documents on all parties via CM/ECF:

**CLASS REPRESENTATIVE RAPPAPORT'S CONDITIONAL OPPOSIITON TO *EX PARTE* APPLICATION FOR PERMISSION TO FILE DOCUMENTS UNDER SEAL**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2014, at Los Angeles, California.

/s/ Jenna Radomile
Jenna Radomile