# EXHIBIT "A"

# EXHIBIT "A"

Case 8:09-cv-00818-DOC-RNB   Document 1276-1   Filed 06/15/15   Page 2 of 6   Page ID
                                     #:28996
Jun 11 15 03:10p       Victoria and Sean Smith                    561-277-8359              p.1

## ASSIGNMENT OF PROOF OF CLAIMS

THIS ASSIGNMENT OF PROOF OF CLAIMS ("Assignment") is entered into as of this 12th day of May, 2015 by and between Stratose, Inc. ("Assignor") and Coalition America Holding Company, Inc. ("Assignee").

### RECITALS:

A.   On July 16, 2009, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court, Central District of California, Southern Division – Santa Ana, against, among others, Medical Capital Holdings, Inc., Medical Capital Corporation, Medical Provider Funding Corporation VI, Sidney M. Field, and Joseph J. Lampariello (collectively, the "Defendants"), in the case captioned *Securities and Exchange Commission v. Medical Capital Holdings, Inc. et al.*, United States District Court, Central District of California, Case No. 8:09-cv-818-DOC (RNBx) (the "Receivership Action"). Pursuant to the Receivership Action, the SEC sought the appointment of a Receiver for Medical Capital Holdings, Inc., Medical Capital Corporation, Medical Provider Funding Corporation VI and their subsidiaries and affiliates (collectively, the "Receivership Entities") to, among other things, investigate, marshal and collect the assets of the Receivership Entities (collectively, the "Receivership Estate").

B.   Shortly thereafter, Thomas A. Seaman was appointed receiver (the "Receiver") in the Receivership Action over the Receivership Estate.

C.   On June 9, 2011, Assignor filed its first proof of claim in the Receivership Action in the amount of $4,042,169.00, plus $39,710 in post-judgment interest, arising from a judgment entered against National Health Benefits Corporation ("NHBC"), a subsidiary of Defendant Medical Capital Holdings, Inc., in the case styled *Coalition America, Inc. v. National Health Benefits Corporation*, United States District Court, Northern District of Georgia, Case No. 1:03-CV-4012-CC ("Judgment Claim").

D.   On June 13, 2011, Assignor filed its second proof of claim in the Receivership Action in the amount of $150,159.15, plus interest, arising from certain unpaid network access fees from NHBC ("Accounts Receivable Claim" and collectively with the Judgment Claim, the "Claims").

E.   On or about August 7, 2013, Assignor and the Receiver entered in the Receivership Action a Stipulation (1) Resolving Stratose, Inc.'s Motion for Determination That Noteholder Settlements Will Have No Adverse Impact on Stratose, Inc.'s Arguments in Opposition to the Receiver's Proposed Plan of Distribution; (2) Resolving Treatment of Stratose, Inc.'s Claim; and (3) Further Amending Receiver's Plan of Distribution [Docket No. 1095] ("Stipulation"). The Stipulation resolved certain outstanding disputes between Assignor and the Receiver regarding distributions to be made from the Receivership Estate to the Assignor.

F.   On August 15, 2013, the Court in the Receivership Action entered its Order Approving Stipulation (1) Resolving Stratose, Inc.'s Motion for Determination that Noteholder Settlements Will Have No Adverse Impact on Stratose, Inc.'s Arguments in

Case 8:09-cv-00818-DOC-RNB   Document 1276-1   Filed 06/15/15   Page 3 of 6   Page ID
#:28997
Jun 11 15 03:10p        Victoria and Sean Smith                561-277-8359           p.2

Opposition to The Receiver's Proposed Plan of Distribution; (2) Resolving Treatment of Stratose, Inc.'s Claim; and (3) Further Amending Receiver's Plan of Distribution [Docket No. 1102] ("Order"). The Order approved the Stipulation and amended the Receiver's Amended Plan of Distribution in the manner set forth in the Stipulation.

G. Assignor now desires to assign the Claims to Assignee pursuant to the terms set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor and Assignee hereby agree as follows:

1. Assignment of the Claims to Assignee.

(a) Assignor hereby irrevocably and absolutely assigns to Assignee Assignor's absolute right, title and interest in and to the Claims.

(b) Assignor and Assignee agree that they shall do, execute, acknowledge and deliver all acts, agreements, instruments, notices and assurances as may be reasonably requested by the other party to further effect and evidence the transactions contemplated hereby.

(c) Assignee's entitlement to distributions from the Receivership Estate shall be governed by the terms of the Stipulation and the Order.

2. Effective Date of Assignment. This Assignment shall be effective as of the 31 day of May, 2015.

3. Amendment. This Assignment may be amended only with the express written consent of all parties.

4. Governing Law. **THE VALIDITY, INTERPRETATION AND EFFECT OF THIS ASSIGNMENT SHALL BE GOVERNED EXCLUSIVELY BY THE LAWS OF THE STATE OF GEORGIA, EXCLUDING THE "CONFLICT OF LAWS" RULES THEREOF.** Any court of competent jurisdiction in the State of Georgia shall be entitled (i) to interpret, enforce and implement the terms and provisions of this Assignment, all amendments and attachments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith, and (ii) to resolve any disputes arising under or related to this Assignment.

5. Mailing Address. All notices and distributions in the Receivership Action shall be mailed to the Assignee at the following address:

> Coalition America Holding Company, Inc.
> c/o Sean Smith, Chairman
> 93 Lighthouse Drive
> Jupiter FL 33469

6. <u>Counterparts</u>. This Assignment may be executed in counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument.

7. <u>Successors and Assigns</u>. This Assignment shall be binding upon and inure to the benefit of the parties hereto and their successors and assigns. Nothing in this Assignment shall prevent the Assignee from assigning its rights and interests under this Assignment, and the consent of Assignor shall not be required for any such assignment.

8. <u>Savings Clause</u>. If any provision hereof shall be held invalid or unenforceable by any court of competent jurisdiction or as a result of future legislative action, such holding or action shall be strictly construed and shall not affect the validity or effect of any other provision hereof.

IN WITNESS WHEREOF, the undersigned have caused this Assignment to be duly executed as of the date first written above.

ASSIGNOR:

**STRATOSE, INC.**

By: _____
Name: SEAN S. SMITH
Title: CHAIRMAN

ASSIGNEE:

**COALITION AMERICA HOLDING COMPANY, INC.**

By: _____
Name: SEAN S. SMITH
Title: CHAIRMAN

## PROOF OF SERVICE

SECURITIES AND EXCHANGE COMMISSION v. MEDICAL CAPITAL HOLDINGS, INC, Case No. SA CV09-0818 DOC (RNBX)

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, 14th Floor, Los Angeles, CA 90071.

On June 15, 2015, I served true copies of the following document(s) described as **NOTICE OF ASSIGNMENT OF CLAIMS OF STRATOSE, INC. TO COALITION AMERICA HOLDING COMPANY, INC.** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with McKenna Long & Aldridge LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 15, 2015, at Los Angeles, California.

／s/Christina O'Meara
Christina O'Meara

## SERVICE LIST
## SECURITIES AND EXCHANGE COMMISSION v. MEDICAL CAPITAL HOLDINGS, INC
## SA CV09-0818 DOC (RNBX)

Andre Guimond
1112 Montana Avenue
Santa Monica, CA 90403

Dirk C. Visser
P.O. Box 2473
Missoula, MT 59806

Edward K. Blodnick
Edward K. Blodnick & Associates, PC
1325 Franklin Avenue, Suite 375
Garden City, NY 11530

Gary Urbanowicz
105 Kent Drive
Cortlandt Manor, NY 10567-6233

Kimberlee P. Visser
P.O. Box 2473
Missoula, MT 59806

Lawrence C. Barth
Munger Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560

Marjorie Fuldner
822 North Fort Thomas Avenue
Number 1 North
Fort Thomas, KY 41075

Maryanna Wortham
7343 Ridgepoint Drive, Unit 106
Cincinnati, OH 45230

Richard W. Regen
10 Hillside Road
Penfield, NY 14526

Susan K. Regen
10 Hillside Road
Penfield, NY 14526

USW 805188582.1