1  ALAN A. GREENBERG, State Bar No. 150827
     *AGreenberg@GGTrialLaw.com*
2  WAYNE R. GROSS, State Bar No. 138828
     *WGross@GGTrialLaw.com*
3  GREENBERG GROSS LLP
   650 Town Center Drive, Suite 1750
4  Costa Mesa, California 92626
   Telephone: (949) 383-2800
5  Facsimile: (949) 383-2801

6  Attorneys for Defendants Sidney M. Field
   and Joseph J. Lampariello
7

8  MICHAEL A. PIAZZA, State Bar No. 235881
     *Mike.Piazza@dlapiper.com*
9  DLA PIPER LLP (US)
   2000 Avenue of the Stars, Suite 400
10 Los Angeles, California 90067
   Telephone: (310) 595-3080
11 Facsimile: (310) 595-3380

12 Attorneys for Defendant Joseph J. Lampariello

13

14          **UNITED STATES DISTRICT COURT**

15   **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

16

| 17 | SECURITIES AND EXCHANGE COMMISSION, | Case No. SACV 09-818 DOC (RNBx) |
|---|---|---|
| 18 | Plaintiff, | **JOINTLY FILED DECLARATION OF ALAN A. GREENBERG REGARDING SUBSTITUTION OF ATTORNEYS BY JOSEPH J. LAMPARIELLO, PRO SE** |
| 19 | vs. | |
| 20 | MEDICAL CAPITAL HOLDINGS, INC.; MEDICAL CAPITAL CORPORATION; MEDICAL PROVIDER FUNDING CORPORATION VI; SIDNEY M. FIELD; and JOSEPH J. LAMPARIELLO, | **(Filed Pursuant to Order Re: Request for Approval of Substitution or Withdrawal of Counsel – ECF 1289)** |
| 21 | | |
| 22 | | Hon. David O. Carter Courtroom 9D |
| 23 | | |
| 24 | Defendants. | |

25

26

27

28

# DECLARATION OF ALAN A. GREENBERG

I, Alan A. Greenberg, hereby declare as follows:

1.      I am an attorney, duly licensed to practice law in the State of California.  I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Defendants Sidney M. Field and Joseph J. Lampariello in this action.  The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2.      As required by the Court's Order of July 9, 2015 (ECF No. 1289) Re: Request for Approval of Substitution or Withdrawal of Counsel, this declaration is filed and served jointly on behalf of Alan Greenberg and Wayne Gross (both of Greenberg Gross  LLP) and Michael Piazza (of DLA Piper LLP (US)).

3.      The verified, current address and telephone number for Joseph J. Lampariello are:  P.O. Box 12737, Newport Beach CA 92658, (714) 401-7484.

4.      By service of this declaration on him, Mr. Lampariello is hereby informed of the following:

(a) The foregoing address will be the address to which all future documents will be served or sent until changed by appropriate notice or substitution of attorneys;

(b) A copy of the current Scheduling Order is attached and incorporated herein by reference.  The following future dates are scheduled:

(i)    Trial:  March 15, 2016 at 8:30 a.m.

(ii)   Final Pretrial Conference:  February 22, 2016 at 8:30 a.m.

(iii)  Motion Cut-off:  December 14, 2015 at 8:30 a.m.

(iv)   Fact/Expert Discovery Cut-off:  November 20, 2015

(v)    Hearing on Interim Applications for Approval and Payment of Compensation to Receiver and His Professionals: August 10, 2015 at 8:30 a.m.

//

     (vi) <u>Hearing on Receiver's Report Regarding Sale of Assets</u>:

        September 21, 2015 at 8:30 a.m.

   (c) The case file is available for pick-up by Mr. Lampariello at the office of Greenberg Gross LLP, 650 Town Center Drive, Suite 1750, Costa Mesa 92626 by appointment at any time, or alternatively, a copy of the file can be transmitted by electronic means upon request at any time.

    (d) Any person appearing pro se is required to comply with the Local Rules of the U.S. District Court for the Central District of California, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Federal Rules of Appellate Procedure;

    (e) The Court encourages pro se litigants to request a CM/ECF login and password to receive court documents by email.  Information regarding this process is available on the District's website, www.cacd.uscourts.gov.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  July 16, 2015

        /s/ Alan A. Greenberg

        Alan A. Greenberg

JOINT DEC. REGARDING SUBSTITUTION OF ATTORNEYS BY JOSEPH J. LAMPARIELLO, PRO SE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| SECURITIES EXCHANGE COMMISSION,<br><br>            Plaintiff(s),<br><br>     vs.<br><br>MEDICAL CAPITAL HOLDINGS, INC., ET AL,<br><br>            Defendant(s). | Case No.: SA CV 09-0818-DOC (RNBx)<br><br>**SCHEDULING ORDER & ORDER RE: PRETRIAL AND TRIAL PROCEDURES**<br><br>**Fact/Expert Discovery Cut-Off:**<br><br>November 20, 2015<br><br>**Motion Cut-Off:**<br><br>December 14, 2015 @ 8:30 a.m.<br><br>**Final Pretrial Conference:**<br><br>February 22, 2016 @ 8:30 a.m.<br><br>**Trial:**<br><br>March 15, 2016 @ 8:30 a.m. |

This Scheduling Order governs the course of all pretrial and trial proceedings in this case. For further guidance, consult the Federal Rules of Civil Procedure and the Local Rules.

## I.     Court Appearances

Parties shall be represented at all court appearances by lead counsel, the counsel expected to be in charge of conducting trial on behalf of the parties. The parties (or counsel) must appear in person for hearings and conferences before the Court. The Court does not permit telephonic appearances.

Under no circumstances should counsel, or a party if the party is appearing *pro se*, fail to appear at a court appearance unless their appearance has been waived by prior order of the

Case 8:09-cv-00818-DOC-RNB   Document 1294   Filed 07/16/15   Page 5 of 21   Page ID
#:29269
Case 8:09-cv-00818-DOC-RNB   Document 1252   Filed 02/13/15   Page 2 of 11   Page ID
#:28590

Court.  Even if the parties have reached a settlement, counsel for all parties, or the party if appearing *pro se*, must appear at court appearances until a stipulation of dismissal signed by all parties has been lodged with the Court.

**II.    Settlement**

If the parties have agreed to appear before a neutral selected from the Court's Mediation Panel (ADR Procedure No. 2) or to participate in private mediation (ADR Procedure No. 3), the parties shall notify the Court of the name and contact information of the mediator within twenty-one (21) days of this Order if they have not already done so in their Rule 26(f) report.

If settlement is reached at any time in this litigation, the parties shall immediately notify the Court by telephone, email, or by filing a notice of settlement. Local Rule 40-2. The Court's Courtroom Deputy Clerk can be reached at (714) 338-4543. The Court's email address is DOC_Chambers@cacd.uscourts.gov.

**III.    Joinder of Parties and Amendment of Pleadings**

All motions to join other parties (including Doe or Roe defendants) or to amend the pleadings shall be filed and served within sixty (60) days of the date of this Order and noticed for hearing within ninety (90) days of this Order.

**IV.    Discovery Cut-Off**

The Court has established a cut-off date for discovery in this action. All discovery is to be completed on, or prior to, the cut-off date. Plan now to complete discovery on the schedule set; a continuance is *unlikely*.  Accordingly, the following discovery schedule shall apply in this Court:

>    (1)    <u>Depositions</u>:  All depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut-off date. A deposition which commences five (5) days prior to the discovery cut-off date may continue beyond the cut-off date, as necessary.

>    (2)    <u>Written Discovery</u>:  All interrogatories, requests for production of documents, and requests for admissions shall be served at least forty-five (45) days before the discovery cut-off date.  The Court will not approve stipulations between counsel

that permit responses to be served after the cut-off date except in unusual circumstances and upon a showing of good cause.

(3) <u>Discovery Motions</u>:  Any motion regarding the inadequacy of responses to discovery must be filed and served no later than five (5) days after the discovery cut-off date. Routine discovery motions will be referred to the magistrate judge assigned to the case. Whenever possible, the Court expects counsel to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner. Repeated resort to the Court for guidance in discovery is unnecessary and may result in the Court appointing a Special Master at the joint expense of the parties to resolve discovery disputes. The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

(4) <u>Disclosure of Expert Testimony</u>: The above discovery cutoff date includes expert discovery, unless otherwise ordered by Court, and the Court orders the sequence of disclosures provided by Fed. R. Civ. Proc. 26(a)(2)(C), unless the parties otherwise stipulate in writing and obtain the Court's approval.

## V.      Protective Orders and Under Seal Filings

All protective orders are to be noticed before the magistrate judge assigned to your case, unless otherwise ordered by Court.

Stipulated Protective orders or confidentiality orders generally do not control under seal filings. Applications for under seal filings must state with specificity the basis for protection and should not rely exclusively on the existence of a protective order. See Judge Carter's Initial Standing Order for more information.

## VI.     Motions Generally

Counsel should note the timing and service requirements of Local Rules 6 and 7 and its subparts including:

(1) Rule 6-1: Notice of motion and the moving papers must be filed and served twenty-eight (28) days before the noticed hearing date, unless the notice is served

by mail, in which case service is required thirty-one (31) days prior to the noticed hearing date;

(2)   Rule 7-9: Opposing papers shall be filed twenty-one (21) calendar days before the hearing date; and

(3)   Rule 7-10: Reply papers, if any, shall be filed fourteen (14) calendar days before the hearing date.

(4)   Rule 7-11: If the hearing date is continued, the deadlines for filing opposing and reply papers are automatically extended unless the Court orders otherwise.

Counsel must comply with the timing requirements of the Local Rules so that chambers can properly prepare for motion matters.

## VII.   Motions for Summary Judgment

The motion cut-off date is the day that the Court will hear motions for summary judgment. Thus, motions must be filed several weeks in advance of this date as required by Local Rule 6.

In general, the Court will hear only one motion for summary judgment per party. Cross motions for summary judgment will all be heard on the same day, after the close of discovery. In other words, the Court will not entertain piecemeal motions for partial summary judgment before the factual record is complete.

All motions (except motions *in limine* dealing with admissibility of evidence) must be disposed of before the Final Pretrial Conference.

### A.   Moving Party's Statement of Uncontroverted Facts and Conclusions of Law

The uncontroverted facts shall be set forth in a two column format. The left hand column shall set forth the allegedly undisputed fact. The right hand column shall set forth the evidence that supports the factual statement. The fact statements shall be set forth in sequentially numbered rows. Each cell should contain a narrowly focused statement of fact, and address a single subject in as concise a manner as possible.

Case 8:09-cv-00818-DOC-RNB   Document 1294   Filed 07/16/15   Page 8 of 21   Page ID
Case 8:09-cv-00818-DOC-RNB   Document 1252   Filed 02/13/15   Page 5 of 11   Page ID
#:29272
#:28593

**SUF Example**

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #1 (Moving party's first undisputed fact) | (citations to supporting evidence) |
| #2 (Moving party's second undisputed fact) | (citations to supporting evidence) |

### B.   Opposing Party's Statement of Genuine Disputes of Material Fact

The first part of the opposing party's Statement of Genuine Disputes shall track the moving party's Statement of Uncontroverted Facts. It shall be set forth in a two column format. The left hand column shall restate the allegedly undisputed fact and supporting evidence, and the right hand column shall state either that the fact is undisputed or disputed. The opposing party may dispute all or only a portion of the allegedly undisputed fact, but if disputing only a portion, the opposing party must specify clearly what portion is being disputed.

To demonstrate that a fact is disputed, the opposing party shall briefly state why it disputes the moving party's allegedly undisputed fact, cite to the relevant exhibit or other evidence controverting the allegedly undisputed fact, and describe what it is in that exhibit or evidence that controverts the allegedly undisputed fact.

If the opposing party objects to the evidence supporting an allegedly undisputed fact, the party shall state in the right hand column the presence of that objection, by simply stating "Evidentiary Objection." The specific grounds of each objection should be included in a separate table.

No legal argument shall be set forth in this document.

The opposing party may also specify additional material facts that bear on or relate to the issues raised by the moving party, which shall follow the same two column format described above for the moving party's Statement of Uncontroverted Facts. These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first new allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31).

The moving party, in its reply, shall respond to the additional allegedly undisputed facts in the same manner and format that the opposing party is required to adhere to in responding to the moving party's Statement of Uncontroverted Facts, as described above.

**SGD Example**

| SUF # / Moving Party's Undisputed Fact/Evidence | Reply |
|---|---|
| #1 (Moving party's first undisputed fact)<br><br>(moving party's citations to supporting evidence) | State whether the moving party's fact is disputed or undisputed.<br><br>(citations to supporting evidence)<br><br>(note if there is an evidentiary objection) |
| #2 (Moving party's second undisputed fact)<br><br>(moving party's citations to supporting evidence) | State whether the moving party's fact is disputed or undisputed.<br><br>(citations to supporting evidence)<br><br>(note if there is an evidentiary objection) |

**C.    Supporting Evidence**

Evidence in support of or in opposition to a motion shall be presented to the Court in a way that makes it easy for the Court to find cited evidence. For instance, the parties should make generous use of tabs and indices for hard copies of exhibits. The parties should highlight the testimony or portions of exhibits on which they are relying.

If a deposition is cited extensively, the parties should lodge a copy of the deposition transcript with the Court.

**D.    Objections to Evidence**

If a party disputes a fact based in whole or in part on an evidentiary objection, the party should file a separate document entitled "Objections to Evidence Offered in Support of [Party's] [Motion/Opposition]." The Objections to Evidence should be filed in conjunction with the

opposition or reply brief of the party. The document should be organized to track the row numbers of the other party's separate statement in sequence. It should identify the specific item of evidence to which objection is made, the ground of the objection, and a very brief argument with citation to authority as to why the objection is well taken.

### Evidentiary Objections Example 1

| Moving Parties Undisputed Fact/Evidence | Evidentiary Objection |
| --- | --- |
| #1 (Moving party's first undisputed fact)<br><br><br>Jane Smith Dep. 60:1-10; Lee Decl. Ex. E (Disclosure Agreement § 2) | Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the ground that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent that the statement is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue. Fed. R. Evid. 801, 802. |

Alternately, if the evidentiary objection(s) is/are particularly lengthy (over 100 words), the party may lodge its objections in a standard memo-format. However, this memorandum must specifically cite the SUF number.

### Evidentiary Objections Example 2

Statement of Uncontroverted Facts #3: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the ground that the statement constitutes inadmissible hearsay and no exception is applicable.

[Lengthy legal argument]

To the extent that the statement is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue. Fed. R. Evid. 801, 802.

### E.     Filing Statements of Fact

In addition to filing statements of fact, the Parties should email the Statement of Uncontroverted Facts and Statement of Genuine Disputes in Word or Excel format to DOC_Chambers@cacd.uscourts.gov.

### VIII.   Final Pretrial Conference

A Final Pretrial Conference ("FPTC") has been scheduled in this case pursuant to Federal Rule of Civil Procedure 16 and the Local Rules. Unless excused for good cause, each party appearing in this action shall be represented at the FPTC and all pretrial meetings of counsel by lead counsel.

A continuance of the Final Pretrial Conference at counsel's request or stipulation is *highly unlikely*. Counsel should plan to do the necessary pretrial work on a schedule which will ensure its completion with time to spare before the Final Pretrial Conference. Failure to complete discovery work is not grounds for a continuance. The Court has a crowded docket and to displace another case already set for trial in favor of a case in which counsel have not been diligent in preparing their case would not be just.

### A.     Memoranda of Contentions of Fact and Law and Final Pretrial Conference Order

Compliance with the requirements of Local Rule 16 is required by the Court. Carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief) and a proposed Final Pretrial Conference Order ("FPTCO") shall be submitted in accordance with the provisions of Local Rules 16-4 through 16-7. The Memoranda of Contentions of Fact and Law are due twenty-one (21) days before the FPTC and the proposed FPTCO is to be lodged eleven (11) days before the FPTC. The form of the proposed Final Pretrial Conference Order shall be in conformity with the format set forth in Appendix A to Local Rules. Adherence to the time requirements is necessary to provide the Court and its staff time to prepare the matter.

In drafting the FPTCO, the Court expects that counsel will attempt to agree on and set forth as many uncontested facts as possible. The Court will normally read the uncontested facts

Case 8:09-cv-00818-DOC-RNB   Document 1252   Filed 02/13/15   Page 9 of 11   Page ID #:28597

1   to the jury at the start of the trial.  A carefully drafted and comprehensively stated stipulation of

2   facts will reduce the length of trial and increase jury understanding of the case.

3         At the FPTC, counsel should be prepared to discuss means of streamlining the trial,

4   including, but not limited to: bifurcation, presentation of non-critical testimony by deposition

5   excerpts, stipulations as to the content of testimony, presentation of testimony on direct

6   examination by declaration subject to cross-examination, and qualification of experts by

7   admitted resumes. In rare cases in which the Court waives the FPTC, counsel must follow Local

8   Rules 16-11.

9         **B.**     **Motions in Limine**

10         All motions in limine must be filed eleven (11) days prior to the FPTC. Oppositions to

11   motions in limine must be filed no later than seven (7) days prior to the FPTC. Motions in

12   limine will typically be heard at the FPTC.

13         **IX.**     **Trial**

14         Parties should note that the Court may advance the trial date by up to two weeks.

15         **A.**     **Statement of the Case (Jury Trials)**

16         At least seven (7) days prior to trial, the parties shall prepare a joint statement of the case

17   which will be read by the Court to the prospective panel of jurors prior to the commencement of

18   voir dire. The statement should typically be a few sentences in length.

19         **B.**     **Voir Dire (Jury Trials)**

20         At least seven (7) days prior to trial, each party shall file and serve on opposing parties

21   any special questions requested to be put to prospective jurors on voir dire.

22         **C.**     **Proposed Jury Instructions (Jury Trials)**

23         Proposed jury instructions must be filed seven (7) days prior to trial, in accordance with

24   Local Rule 51. Parties should cite relevant authorities for each instruction, e.g., CACI, Ninth

25   Cir. Model Jury Instructions. The parties should exchange proposed jury instructions and agree

26   as much as possible on the necessary instructions before filing them with the Court. Both parties

27   should submit their proposed jury instructions (preferably in Word format) to the Court at

28

Case 8:09-cv-00818-DOC-RNB   Document 1294   Filed 07/16/15   Page 13 of 21   Page ID
#:29257
Case 8:09-cv-00818-DOC-RNB   Document 1252   Filed 02/13/15   Page 10 of 11   Page ID
#:28598

DOC_Chambers@cacd.uscourts.gov.  In addition, parties should bring copies of their proposed jury instruction, printed on single-sided paper, with them on the first day of trial.

### D.      Findings of Fact and Conclusions of Law (Bench Trials)

The parties shall serve and lodge proposed findings of fact and conclusions of law at least seven (7) days prior to trial and in accordance with Local Rule 52. The parties should submit their proposed findings of fact and conclusions of law (preferably in Word format) to the Court at DOC_Chambers@cacd.uscourts.gov.

### E.      Proposed Verdict Form

At least seven (7) days prior to trial, the parties shall file their proposed verdict forms. The Court typically does not use special verdict forms. The parties should exchange proposed verdict forms and agree as much as possible to the form before filing. The parties should submit the proposed verdict form (in Word format) to the Court at DOC_Chambers@cacd.uscourts.gov.

### F.      Exhibits

A joint exhibit list must be filed at least twenty-one (21) days prior to the Final Pretrial Conference in accordance with Local Rule 16-6.1. Parties should also submit their joint exhibit list (in Word format) to the Court at DOC_Chambers@cacd.uscourts.gov.

Exhibits are to be delivered to the Courtroom Deputy Clerk not later than 8:30 a.m. on the first day of trial. All exhibits will be placed in loose leaf binders which are tabbed down the right side with exhibit numbers. The spine of the binder is to be marked with the case name and number and the numbers of the exhibits contained therein.

Two binders will be prepared: (1) an original for the Clerk, which will be tagged with the appropriate exhibit tags in the upper right-hand corner of the first page of each exhibit, and (2) one copy for the Court. Each binder will contain an index of the exhibits included.

The exhibits are to be numbered in accordance with Local Rule 26-3. Counsel may obtain exhibit tags (yellow for plaintiff and blue for defendant) at the Clerk's Office, Intake Window. Special arrangements for voluminous or oversized exhibits should be made with the Courtroom Deputy Clerk by Wednesday of the week before trial.

Case 8:09-cv-00818-DOC-RNB   Document 1294   Filed 07/16/15   Page 14 of 21   Page ID
#:29273
Case 8:09-cv-00818-DOC-RNB   Document 1232   Filed 02/13/15   Page 11 of 11   Page ID
#:28599

1    After the conclusion of trial, parties must take their exhibits with them after signing a

2    release. If the parties do not take their exhibits, the Court will dispose of exhibits after fourteen

3    (14) days.

4         **X.    Additional Instructions in this Matter**

5         The parties agree upon a settlement conference with Judge Jay C. Gandhi.

6         The Clerk is ordered to serve a copy of this Order on all parties to this action.

7         IT IS SO ORDERED.

8

9                                           *David O. Carter*
                                            _____

10                                          DAVID O. CARTER
                                            United States District Judge

11

12   Dated:  February 13, 2015

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          Revised: January 20, 2015

27

28

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 650 Town Center Drive, Suite 1750, Costa Mesa, CA 92626.

4

5

On July 16, 2015, I served true copies of the following document(s) described as **JOINTLY FILED DECLARATION OF ALAN A. GREENBERG REGARDING SUBSTITUTION OF ATTORNEYS BY JOSEPH J. LAMPARIELLO, PRO SE** on the interested parties in this action as follows:

6

7

### SEE ATTACHED SERVICE LIST

8

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Greenberg Gross LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Costa Mesa, California.

9

10

11

12

13

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

14

15

16

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

18

Executed on July 16, 2015, at Costa Mesa, California.

19

20

21

Lucia Rodriguez

22

23

24

25

26

27

28

# SERVICE LIST

## VIA U.S. MAIL

Joseph J. Lampariello
P.O. Box 12737
Newport Beach CA 92658

1

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 650 Town Center Drive, Suite 1750, Costa Mesa, CA 92626.

On July 16, 2015, I served true copies of the following document(s) described as **JOINTLY FILED DECLARATION OF ALAN A. GREENBERG REGARDING SUBSTITUTION OF ATTORNEYS BY JOSEPH J. LAMPARIELLO, PRO SE** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Greenberg Gross LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Costa Mesa, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 16, 2015, at Costa Mesa, California.

Lucia Rodriguez

Case No. SACV 09-818 DOC (RNBx)

JOINT DEC. REGARDING SUBSTITUTION OF ATTORNEYS BY JOSEPH J. LAMPARIELLO, PRO SE

# SERVICE LIST

## VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Panteha Abdollahi
  pantehaabdollahi@paulhastings.com,deniseerkens@paulhastings.com
- David E Azar dazar@milberg.com, cchaffins@milberg.com,
  jconte@milberg.com, ckiyotoki@milberg.com
- John W Berry
  berryj@sec.gov, irwinma@sec.gov
- Edward K Blodnick
  eblodnick@bcfdlaw.com
- James F Bogan
  jbogan@Kilpatrickstockton.com
- Brent W Brougher bbrougher@kilpatricktownsend.com,
  vduke@kilpatricktownsend.com, btoren@kilpatricktownsend.com
- John B Bulgozdy
  bulgozdyj@sec.gov,LAROFiling@sec.gov, berryj@sec.gov, irwinma@sec.gov
- Michiyo Michelle Burkart
  Michelle.Burkart@doj.ca.gov, mkupillas@milberg.com
- Gary O Caris
  gary.caris@dentons.com, chris.o'meara@dentons.com
- Kenneth Joseph Catanzarite
  kcatanzarite@catanzarite.com, ncatanzarite@catanzarite.com
- Hester H Cheng
  hcheng@garciagurney.com
- Nicholas S Chung
  chungni@sec.gov
- Frank A Cialone
  fcialone@sflaw.com
- Randall J Clement
  randy@clementandholaw.com
- Jesse J Contreras
  jcontreras@mrllp.com, stotin@mrllp.com, kbrown@mrllp.com
  jesse.contreras@outlook.com
- Daniel J Cooper
  djc@dcooperlaw.com
- Joseph Winters Cotchett
  jcotchett@cpmlegal.com
- John Michael Devine
  jdevinet@aol.com
- Lawrence A Diamant
  larrydiamant@yahoo.com
- Marc S T Dworsky
  marc.dworsky@mto.com

1
- Michael R Farrell
mfarrell@allenmatkins.com
2
- Edward G Fates
3
tfates@allenmatkins.com, bcrfilings@allenmatkins.com, jbatiste@allenmatkins.com
- Jesse S Finlayson
4
jfinlayson@ftrlfirm.com, wmills@ftrlfirm.com
- Philip Andrew Gasteier
5
pag@lnbyb.com
6
- Mark John Geragos
mark@geragos.com, geragos@geragos.com
7
- Alan Greenberg
agreenberg@ggtriallaw.com, lrodriguez@ggtriallaw.com
8
- Wayne R Gross
9
wgross@ggtriallaw.com, lkibota@ggtriallaw.com
- Edward Han
10
edwardhan@paulhastings.com, nanettecosentino@paulhastings.com
11
- Lesley Anne Fleetwood Hawes
lesley.hawes@dentons.com, chris.o'meara@dentons.com
12
- Christopher D Holt
cholt@klinedinstlaw.com
13
- Cathy Ann Hongola
14
chongola@allenmatkins.com
- Robert G Johnson , Jr
15
rjohnson@robertgreyjohnson.com, tcarter@robertgreyjohnson.com
16
- Babak Lalezari
blalezari@gibsondunn.com
17
- Gary Y Leung
18
LeungG@sec.gov, larofiling@sec.gov, berryj@sec.gov, irwinma@sec.gov
- Adriene Plescia Lynch
19
adriene.lynch@alston.com, heather.thai@alston.com
- Matthew A Macdonald
20
matthew.macdonald@mto.com, joannette.driver-moore@mto.com
21
- Ronald Hayes Malone
rmalone@sflaw.com, calendar@sflaw.com
22
- David Thomas Mara
vflores@turleylawfirm.com
23
- Issa Kalani Moe
24
Issa.Moe@lawmoss.com, Andrea.Montan@lawmoss.com,
Tiffany.Baker@lawmoss.com, John.Rossman@lawmoss.com
25
- Mark Cotton Molumphy
mmolumphy@cpmlegal.com, rbarghi@cpmlegal.com, obacigalupi@cpmlegal.com,
26
bpayne@cpmlegal.com, jacosta@cpmlegal.com
27
- Tom R Normandin
tnormandin@pnbd.com, kgodeke@pnbd.com, jwade@pnbd.com, cjones@pnbd.com
- Loraine L Pedowitz
28
lpedowitz@allenmatkins.com

Case No. SACV 09-818 DOC (RNBx)

JOINT DEC. REGARDING SUBSTITUTION OF ATTORNEYS BY JOSEPH J. LAMPARIELLO, PRO SE

1
- Michael A Piazza
  mike.piazza@dlapiper.com, susan.byrd@dlapiper.com, piazza.mike@gmail.com

2
- Thomas J Prenovost , Jr
  TPrenovost@pnbd.com

3
- Benjamin Patrick Pugh
  bpugh@enterprisecounsel.com

4
- David A Robinson
  drobinson@enterprisecounsel.com

5
- Karel Rocha
  krocha@pnbd.com

6
- James A Rubenstein
  Rubenstein@moss-barnett.com

7
- Francis Norman Scollan
  fscollan@allenmatkins.com

8
- Randall G Sommer
  randall.sommer@mto.com, deborah.laws@mto.com

9
- Diane Carter Stanfield
  diane.stanfield@alston.com

10
- Peter M Stone
  peterstone@paulhastings.com, janellesahouria@paulhastings.com,
  deniseerkens@paulhastings.com

11
- Jordanna G Thigpen
  jthigpen@jjllplaw.com

12
- William Turley
  bturley@turleylawfirm.com

13
- Wm. Randolph Turnbow
  rtumbow@dcipa.com, jgiers@dcipa.com, hmason@dcipa.com, efisher@dcipa.com

14
- Ryan Thomas Waggoner
  rwaggoner@allenmatkins.com,dandrzejewska@allenmatkins.com

15
- Jennifer L Waier
  USACAC.SACriminal@usdoj.gov, jennifer.waier@usdoj.gov

16
- Stephen S Walters
  swalters@allenmatkins.com

17
- Morgan B Ward Doran
  warddoranm@sec.gov

18
- Alan Jay Weil
  ajweil@kbkfirm.com, nphillis@kbkfirm.com, cklein@kbkfirm.com,
  bsulier@kbkfirm.com

19
- Jeff S Westerman
  jwesterman@jswlegal.com

20
- Andrew David Wolfberg
  andrew@woltberglaw.com

21
- David R Zaro
  dzaro@allenmatkins.com

22

23

24

25

26

27

28

**VIA U.S. MAIL**

- Lawrence C Barth
  Munger Tolles & Olson LLP
  355 South Grand Avenue
  Suite 3500
  Los Angeles, CA 90071-1560

- Edward K Blodnick
  Edward K. Blodnick & Associates, PC
  1325 Franklin Avenue, Suite 375
  Garden City, NY 11530

- Marjorie Fuldner
  822 North Fort Thomas Avenue  Number 1
  North Fort Thomas, KY 41075

- Andre Guimond
  1112 Montana Avenue
  Santa Monica, CA 90403

- Richard W Regen
  10 Hillside Road
  Penfield, NY 14526

- Susan K Regen
  10 Hillside Road
  Penfield, NY 14526

- Gary Urbanowicz
  105 Kent Drive
  Cortlandt Manor, NY 10567-6233

- Dirk C Visser
  PO Box 2473
  Missoula, MT 59806

- Kimberlee P Visser
  PO Box 2473
  Missoula, MT 59806

- Maryanna Wortham
  7343 Ridgepoint Drive Unit 106
  Cincinnati, OH 45230