1  DAVID R. ZARO (BAR NO. 124334)
   MICHAEL R. FARRELL (BAR NO. 173831)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  515 South Figueroa Street, Ninth Floor
   Los Angeles, California 90071-3309
4  Phone: (213) 622-5555
   Fax: (213) 620-8816
5  E-Mail: dzaro@allenmatkins.com
           mfarrell@allenmatkins.com
6
   Attorneys for Receiver
7  THOMAS A. SEAMAN

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   SOUTHERN DIVISION

11 | SECURITIES AND EXCHANGE          | Case No. 8:09-cv-0818-DOC (RNBx)
   | COMMISSION,                      |
12 |                                  | ORDER AUTHORIZING SALE OF
   |              Plaintiff,          | RECEIVERSHIP ASSETS PURSUANT
13 |                                  | TO AMENDED PURCHASE
   |         v.                       | AGREEMENT WITH E.D.S.
14 |                                  | FINANCIAL SERVICES, INC.
   | MEDICAL CAPITAL HOLDINGS,        |
15 | INC.; MEDICAL CAPITAL            | Date:   October 26, 2015
   | CORPORATION; MEDICAL             | Time:   8:30 a.m.
16 | PROVIDER FUNDING                 | Ctrm:   9D
   | CORPORATION VI; SIDNEY M.        | Judge:  Hon. David O. Carter
17 | FIELD; and JOSEPH J.             |
   | LAMPARIELLO,                     |
18 |                                  |
   |              Defendants.         |

19

20

21      In connection with the Receiver's Motion For Order Approving Sales

22 Procedures For Remaining Receivership Assets; Authorizing Retention of

23 GlassRatner To Market The Assets filed on June 10, 2015 (the "Motion"), the

24 Receiver's Report Re: Asset Sale Motion filed on October 9, 2015 (the "Receiver's

25 Report") and the Receiver's Update to Report Re : Asset Sale Motion filed October

26 23, 2015 (the "Report Update"), and pursuant to this Court's Order approving the

27 Motion entered on July 13, 2015, the Receiver's request for authorization to sell

28 certain assets out of the receivership came on for consideration by the Court, the

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1027144.03/LA                    -1-

Case No. 8:09-cv-0818-DOC (RNBx)
[PROPOSED] ORDER AUTHORIZING SALE OF
RECEIVERSHIP ASSETS (E.D.S Agreement)

1   Honorable David O. Carter presiding.  After consideration of the Motion, the

2   Receiver's Report, and all other documents and other evidence filed in support

3   thereof, oppositions, responses and comments filed in response thereto, the entire

4   record in this case, and after due deliberation and good cause appearing therefor:

5   **IT IS HEREBY FOUND AND DETERMINED THAT:**[1]

6   A.      Proper, timely, adequate, and sufficient notice of the Motion, the

7   Receiver's Report and Report Update, and of the proposed relief described therein,

8   was given by the Receiver and such notice was reasonable and appropriate under the

9   circumstances and comports in all regards with the requirements of due process and

10  no further notice is appropriate or necessary.

11  B.      The Receiver has taken commercially reasonable steps to communicate

12  to the applicable market that the assets (the "Assets")[2], as more fully described in the

13  Receiver's Report and Report Update and defined in the amended Asset Purchase

14  and Sale Agreement between the Receiver and E.D.S. Financial Services, Inc.

15  ("Purchaser") entered into in connection with the contemplated sale (the

16  "Agreement"), a copy of which is attached hereto as Exhibit 1, were available for

17  sale, and to facilitate and encourage commercially reasonable expressions of interest

18  in the Assets.  As a consequence, the Receiver adequately marketed the Assets for

19  sale.

20  C.      Adequate notice and a reasonable opportunity to object or be heard

21  regarding the relief requested in the Motion, the Receiver's Report and Report

22  Update has been afforded to all interested persons and entities, including all holders

23  of Liens (as defined below) with respect to the Assets.

24

25

26

---

[1]  When appropriate herein, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact.

[2]  The specific assets subject to this Order are defined in the Agreement.  The Lavipharm asset identified in the Report is the subject of a separate order and agreement.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1027144.03/LA

-2-

Case No.  8:09-cv-0818-DOC (RNBx)
ORDER AUTHORIZING SALE OF
RECEIVERSHIP ASSETS (E.D.S Agreement)

D.     The Receiver having determined that the bid submitted by Purchaser for $150,000.00, with a deposit of $25,000.00 and break-up fee of $7,500.00 on terms and conditions set forth in the Agreement as amended and/or supplemented was the highest and best offer submitted for the Assets.

E.     The Receiver has all requisite power and authority necessary to enter into the Agreement and all other documents contemplated thereby, and the transactions provided for therein have been duly and validly authorized by all necessary action(s) of the Receiver.  No consents or approvals other than those expressly provided for in the Agreement are required for the Receiver to consummate such transactions.

F.     The execution and delivery of the Agreement by Purchaser and by the Receiver, and the consummation of the transactions contemplated thereby, including the provisions thereof with respect to the conveyance and assignment of the Assets free and clear of Liens (as defined below), reflects the exercise of sound business judgment by the Receiver, is a proper exercises of his fiduciary duties, is fair and reasonable, and is in the best interests of the Receiver, the receivership estate, and its creditors.  The total consideration to be realized by the Receiver under the Agreement represents fair consideration and reasonably equivalent value in the context of any state or federal law governing the rights of creditors.  As a result, there exists good and sufficient business justification to consummate the transactions contemplated by the Agreement.

G.     The transactions contemplated under the Agreement are exempt from the purview of all laws protecting the rights of creditors, including, without limitation, fraudulent transfer, fraudulent conveyance, preference, and bulk sale laws.  The conveyance and assignment of the Assets pursuant to the Agreement will be legal, valid, and effective transfers, and will vest Purchaser with all right, title and interest of the Receiver in and to the Assets free and clear of all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements,

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1027144.03/LA

-3-

Case No.  8:09-cv-0818-DOC (RNBx)
ORDER AUTHORIZING SALE OF
RECEIVERSHIP ASSETS (E.D.S Agreement)

pledges, liens, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens, claims, reclamation claims, covenants, restrictions, hypothecations, charges, indentures, loan agreements, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, orders and decrees of any court or foreign or domestic governmental entity, claims for reimbursement, contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, alter-ego, environmental, successor liability, judgments, demands, encumbrances, constructive or resulting trusts, or other claims, interests, encumbrances or charges of any kind or nature, if any, including but not limited to any restriction on the use, transfer, receipt of income, or other exercise of any attributes of ownership (collectively, "Liens").

H.     All holders of any Liens shall be forever barred from asserting their Liens against Purchaser or its nominees, designees, successors or assigns, or against the Assets.  Specifically the Bank of New York Mellon and Wells Fargo Bank, N.A., as trustees of certain of the Assets ("Trustees") have agreed to the release of any Liens they, or the trusts for which they act as trustee, may have with respect to the Assets.

I.     The Agreement was negotiated, proposed, and entered into by the parties without collusion, in good faith, and from arm's-length bargaining positions. Purchaser is not an insider, relative or affiliate of the Receiver.  As a result, upon consummation of the transactions contemplated by the Agreement, Purchaser will be deemed a purchaser in "good faith" and is entitled to the protections afforded thereby.  Neither the Receiver nor Purchaser has engaged in any conduct that would cause or permit the Agreement, or the transfers contemplated thereby, to be avoided or set aside under any state or federal law.

J.     Absent a stay pending appeal of this Order, the reversal or modification on appeal of this Order (or any other challenge to this Order including any motions

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1027144.03/LA

-4-

Case No.  8:09-cv-0818-DOC (RNBx)
ORDER AUTHORIZING SALE OF
RECEIVERSHIP ASSETS (E.D.S Agreement)

1   for reconsideration) shall not affect the validity or enforceability of actions taken in

2   reliance on this Order, including the contemplated transactions.

3       K.    All objections, if any, to the Motion or the Receiver's Report have been

4   withdrawn, resolved or overruled with prejudice.

5   **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

6       1.    The Receiver's request for authorization to sell the Assets out of

7   receivership, as more fully described in the Motion, the Receiver's Report and the

8   Report Update, is GRANTED.

9       2.    Subject to release of the same by Trustees, the Receivership Entities

10  hold title to the Assets, as specifically defined in the Agreement, including the TPG

11  Loan, the TPG Corporate Interest, the Atlanta Property, the NMPI Stock, the Kroop

12  Note and the Judgments, together with their related rights.  The Trustees are hereby

13  directed to release any interest they hold in the Assets and transfer the same to the

14  Receiver.

15      3.    The terms and conditions of, and the transactions contemplated by, the

16  Agreement are hereby authorized and approved in all respects; and the Receiver is

17  fully authorized and empowered and directed to (a) execute, deliver, perform under,

18  consummate, and implement the Agreement, (b) execute all additional instruments

19  and documents that may be reasonably necessary or desirable to implement the

20  Agreement and the transactions contemplated thereby, (c) take all further actions as

21  may be necessary or appropriate for the purpose of assigning, transferring, granting

22  or conveying Assets as contemplated by the Agreement, and (d) take such other and

23  further steps as are contemplated thereby to fulfill his obligations thereunder or as

24  may be necessary to effectuate the terms of this Order.

25      4.    The Assets shall be sold, transferred, and assigned to Purchaser free

26  and clear of all Liens, with such Liens to attach to the sale proceeds with the same

27  validity, amount and priority as they had with respect to the Assets.

28

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1027144.03/LA

-5-

Case No.  8:09-cv-0818-DOC (RNBx)
ORDER AUTHORIZING SALE OF
RECEIVERSHIP ASSETS (E.D.S Agreement)

5.      Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.  A certified copy of this Order shall be accepted by any federal, state or local recording or filing authority as evidence of the discharge of all Liens against the Assets.

6.      All persons or entities, including any governmental unit, holding any Lien(s) against the Assets, or asserting any claims against the Receiver are forever barred and estopped from asserting any such Liens or claims against Purchaser and its respective successors and assigns.

7.      Subject to the provisions of this Order, holders of Liens are directed to execute such documents and take all other actions as may be reasonably necessary to terminate and expunge such Liens against the Assets as such Liens may have been recorded or may otherwise exist.  To the extent that any holder of Liens refuses to execute such documents as may be necessary to terminate and expunge any Liens against the Assets, the Receiver and Purchaser are authorized to take such actions unilaterally, including without limitation, filing UCC-3 Termination Statements to release any Lien.

8.      The consideration provided by Purchaser for the Assets constitutes reasonably equivalent value and fair consideration under the laws of the United States, any state, territory or the District of Columbia.

9.      The failure, specifically, to include any particular provisions of the Agreement in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Agreement be approved in its entirety and further that each of the terms and conditions of the Agreement are hereby incorporated in their entirety as if fully set forth herein.

10.     The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1027144.03/LA

-6-

Case No.  8:09-cv-0818-DOC (RNBx)
ORDER AUTHORIZING SALE OF
RECEIVERSHIP ASSETS (E.D.S Agreement)

accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement is not material.  The Agreement and all transactions contemplated thereby, shall be binding upon any successors in interest.

11.    GlassRatner's fees and commissions are approved and the Receiver is authorized to pay GlassRatner a consulting fee of $40,000 (sum total for all sales under this and all other sale orders) and commission, for the sale under this Order, of $25,000.00 to GlassRatner from the sale proceeds.

12.    This Court hereafter shall and does retain exclusive jurisdiction:  (a) to interpret, construe, enforce and implement the terms and provisions of the Agreement and this Order, all amendments thereto, any waivers and consents thereunder, any agreements executed in connection therewith, and any and all disputes that may arise under the Agreement or this Order; (b) to hear and determine any and all disputes between the Receiver and/or Purchaser, as the case may be, and any third parties relating to the Agreement; (c) compel delivery and payment of the consideration provided for under the Agreement; (d) resolve any disputes, controversies or claims arising out of or relating to the Agreement; and (e) interpret, implement, and enforce the provisions of this Order; provided, however, that in the event that this Court abstains from exercising or declines to exercise jurisdiction with respect to any matter provided for in this clause, or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

13.    This Order supersedes the order entered at Docket Number 1316.

14.    Notwithstanding anything contained in Federal Rule of Civil Procedure 62, Local Rule of Civil Procedure 66-8, or any other statute, regulation, or rule to the contrary, this Order shall be effective immediately and not subject to any stay of its effectiveness.  The Receiver and Purchaser are authorized to consummate the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1027144.03/LA

-7-

Case No.  8:09-cv-0818-DOC (RNBx)
ORDER AUTHORIZING SALE OF
RECEIVERSHIP ASSETS (E.D.S Agreement)

1    transactions contemplated in the Agreement (and rely upon the effectiveness of this

2    Order) immediately.

3

4    Dated:  October 29, 2015, 2015

_____
Hon. David O. Carter
Judge, United States District Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1027144.03/LA

-8-

Case No.  8:09-cv-0818-DOC (RNBx)
ORDER AUTHORIZING SALE OF
RECEIVERSHIP ASSETS (E.D.S Agreement)